# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1261/03-1410

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Santos Fidel Portillo, | * | Southern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: July 30, 2004
Filed: August 31, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found Santos Portillo guilty of conspiring to distribute 50 grams or more of a substance containing methamphetamine from December 2001 to January 2002 (Count 1), and distribution of methamphetamine on September 18, 2001 (Count 4), September 19 (Count 5), September 20 (Count 6), and September 21 (Count 7), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), and 846. The district court sentenced him to concurrent prison terms of 135 months followed by concurrent supervised release terms of 5 years. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support the jury verdict, and that the

district court erred in denying a motion for a new trial based on evidence that would have been disclosed using a test about which counsel had recently become aware. In a pro se supplemental brief, Portillo also argues that the evidence was insufficient in Counts 6 and 7, and that his sentence on Count 6 was erroneous. In a cross-appeal, the government argues that the district court erred in departing downward based on Portillo's waiver of deportation proceedings. We vacate the conviction on Count 7, affirm the convictions on the remaining counts, and remand to the district court for resentencing.

This court reviews the sufficiency of the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences that support the jury's verdict. See United States v. Ramirez, 350 F.3d 780, 783 (8th Cir. 2003). As the government concedes, the evidence was insufficient to support Portillo's conviction on Count 7, because the evidence showed that the substance Portillo sold on September 21 was not methamphetamine but amphetamine. Thus, the conviction on Count 7 should be vacated. As to Count 6 and the remaining distribution counts, however, the evidence showed that the substances Portillo sold on the charged dates contained methamphetamine, and thus we find sufficient evidence supported the convictions.

As to Count 1, we also find the evidence was sufficient to support Portillo's conviction for conspiracy to distribute methamphetamine. Two witnesses testified that they bought drugs from Portillo on several occasions, and one of those witnesses testified that he resold the drugs to other individuals. See United States v. Cruz, 285 F.3d 692, 700 (8th Cir. 2002) (elements of conspiracy); United States v. Aguilar-Portillo, 334 F.3d 744, 747 (8th Cir. 2003) (credibility of witnesses is for jury to decide); cf. United States v. Jefferson, 215 F.3d 820, 823 (8th Cir. 2000) (buyer/seller instruction not appropriate when evidence exists of multiple transactions, rather than single, isolated sale). We also find that the district court did not abuse its discretion in denying Portillo's motion for a new trial, as Portillo did not offer any explanation

for his inability to become aware earlier of the test or show that the results would have been sufficiently exculpatory. See United States v. Vesey, 330 F.3d 1070, 1072 (8th Cir. 2003) (standard of review; district court may grant motion if interests of justice so require).

As to the government's cross-appeal, this court reviews de novo the district court's departure decision. See 18 U.S.C. § 3742(e)(3)(B); United States v. Rodriguez, 367 F.3d 1019, 1030 (8th Cir. 2004). We find that Portillo did not demonstrate he has "a colorable, non-frivolous defense to deportation," or "show a waiver of that defense would substantially assist the administration of justice." See United States v. Ramirez-Marquez, No. 03-1789, 2004 WL 1516171, at *4 (8th Cir. July 8, 2004). The record shows that Portillo was on "Temporary Protected Status," and thus was not exempt from expedited removal procedures as a permanent resident would be. See 8 U.S.C. §§ 1228(b)(2)(A), 1254a. Thus, we reverse the district court's downward-departure decision, vacate the sentence, and remand for resentencing.

On remand, we also note, following our independent review under Penson v. Ohio, 488 U.S. 75 (1988), that the district court should revise the supervised-release terms on Counts 4 and 6, as the maximum authorized term of supervised release on those counts is 3 years. See 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). We also remind the court that if a Guidelines range exceeds 24 months, the district court must state, in open court, the reasons for its imposition of a sentence at a particular point within the range. See 18 U.S.C. § 3553(c)(1).

We also deny Portillo's motion to supplement the record, and deny counsel's motion to withdraw.

_____