# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4111

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Terron Brown, also known as T-Rex, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 21, 2005
Filed: July 19, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and
COLLOTON, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Terron Brown appeals both his conviction and sentence for conspiring to distribute crack cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. He challenges the sufficiency of the evidence to convict him and asserts that his sentence violated the sixth amendment. We affirm the conviction but remand for resentencing.

The evidence was overwhelming that Mr. Brown dealt in cocaine over a substantial period of time, but he maintains that there was not enough record evidence for a reasonable jury to conclude that he agreed with anyone to do so. He argues that the persons with whom he dealt were only buyers and sellers and that he did not enter

into any combination with any of them to accomplish any agreed-upon general object. *See United States v. West*, 15 F.3d 119, 121 (8th Cir. 1994), *cert. denied*, 513 U.S. 863 (1994). But at least four witnesses testified that they sold crack cocaine to Mr. Brown on a number of occasions and that they knew that he was reselling it to other users. One witness testified that he bought crack cocaine from Mr. Brown and that he and Mr. Brown sold cocaine from the same apartment on occasion. There was a great deal of evidence, in other words, that the witnesses knew each other and knew what each other was doing, enough evidence to infer that they had a tacit agreement to distribute crack cocaine on an ongoing basis and thus were engaged in a common enterprise. *See United States v. Cabrera*, 116 F.3d 1243, 1244-45 (8th Cir. 1997). Evidence of an express agreement is not required for a conspiracy conviction. *Id.* at 1245. There is no infirmity in the conviction.

We think, however, that Mr. Brown's objection to his sentence has merit. While he did not raise his sixth amendment claim below, he is entitled to plain error review because the district court erred in believing itself bound by the sentencing guidelines when it sentenced Mr. Brown. *See United States v. Booker*, 125 S. Ct. 738, 756, 764-66, 769 (2005). We have held that in order to obtain plain error relief, a defendant must show that there is a reasonable probability that, but for the *Booker* error, he or she would have received a lower sentence. *United States v. Pirani*, 406 F.3d 543, 551 (2005) (en banc).

We conclude that the record here reveals such a probability. In sentencing Mr. Brown, the district court said "let me say this right at the outset because I was looking for some adjustments here," a remark that in the context of what followed indicates an uneasiness on the judge's part with the severity of the sentencing range of 360 months to life that Mr. Brown was facing. When defense counsel asked for a sentence at the low end of the range, the district judge observed, "I'm not going to go any higher. I guarantee that. That's more than sufficient." And right before passing sentencing the district court asserted, "Well, the sentences are very severe.

There's no question about it." We think that these observations by the district court reveal a reasonable probability that Mr. Brown's substantial rights were affected by the *Booker* error because the court's remarks create in our minds a reasonable probability that its sentence would have been less severe had it applied the rule of *Booker*.

We conclude, too, that this is a case in which plain error relief should be granted because we think that Mr. Brown's sentence may well have very significantly exceeded the sentence that the district court would have pronounced if it had applied the correct rule of law. In other words, to let the sentence stand in the present circumstances would be a miscarriage of justice. *See United States v. Killingsworth*, Nos. 04-1972, 04-1973, 2005 WL 1560146, at \*4 (8th Cir. July 6, 2005); *United States v. Fleck*, Nos. 04-1820, 04-1928, 04-1929, 2005 WL 1522738, at \*9 (8th Cir. June 29, 2005); *United States v. Plumman*, 409 F.3d 919, 931-32 (8th Cir. 2005); *United States v. Rodriguez-Ceballos*, 407 F.3d 937, 941-42 (8th Cir. 2005).

We therefore affirm Mr. Brown's conviction but vacate his sentence and remand the case for resentencing.

_____