# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3896

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Terron Brown, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 17, 2006
Filed: July 13, 2006

_____

Before ARNOLD, FAGG, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Terron Brown was convicted of conspiring to distribute crack cocaine in violation of 18 U.S.C. §§ 841(a)(1) and 846. The government appeals Brown's sentence, and we remand for resentencing.

In a previous appeal, we affirmed Brown's conviction but remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which was decided after Brown was first sentenced. *United States v. Brown*, 414 F.3d 976 (8th Cir. 2005). On remand, the district court held a sentencing hearing, and renewed its findings from the first sentencing hearing that Brown's total offense level was 40,

derived from a base offense level of 38 for at least 1.5 kilograms of cocaine base, USSG § 2D1.1(a)(3), (c)(1), and a two-level adjustment for possession of a firearm. *Id*. § 2D1.1(b)(1). At the first sentencing hearing, the court concluded that criminal history category IV overstated Brown's criminal history and reduced it to category III. (S. Tr. I at 325). At that hearing, the court also sustained Brown's objection to an adjustment for role in the offense, saying it did so "in view of the *Apprendi* and *Blakely* decisions." (*Id*. at 323). Although *Booker* makes clear that a district court may and should consider all applicable adjustments in determining the advisory guideline range, the government did not renew at the second hearing its contention that a role adjustment should be applied. Accordingly, from a total offense level of 40 and a criminal history category of III, the court determined an advisory guideline range of 360 months' to life imprisonment. The district court then varied downward from the advisory range and sentenced Brown to 240 months' imprisonment.

In explaining its decision with regard to 18 U.S.C. § 3553(a), the court devoted its most extensive discussion to the credibility of the witnesses whose testimony established the quantity of crack cocaine trafficked by Brown. The trial jury had rendered a verdict that Brown conspired to distribute more than 1.5 kilograms of crack cocaine, a quantity that would establish a base offense level of 38 under the advisory guidelines. The court observed, however, that "virtually all of [the witnesses] were cooperating witnesses," most of whom had entered guilty pleas and "were seeking some benefit from their testimony." (S. Tr. II at 12). The court continued that "[t]hey don't have written records, they don't keep records. They're relying solely upon their memories in coming up with amounts . . . and you can see that in their testimony." (*Id*.). The court found that "in order to reach the offense level of 38 that we reached in this case, you'd have to almost give full credence to the testimony of every one of these witnesses that the amounts that they were talking about were, in fact, the amounts that they dealt with this defendant." (*Id*.). While recognizing that the jury found a conspiracy to distribute 1.5 kilograms, the court concluded that "I don't have to be bound by that finding of the . . . jury . . . insofar as determining what an

-2-

appropriate sentence is." (*Id*.). In addition to its discussion of witness credibility, the court also cited "the distinction between powder and crack cocaine," which it believed "was not scientifically justified and resulted in sentences which were out of proportion to the criminal conduct involved," as a factor the court considered under § 3553(a). (*Id*. at 9-10).

Appealing Brown's sentence, the government argues that the district court's ten-year downward variance from the bottom of the advisory guideline range is unreasonable in light of the statutory factors in 18 U.S.C. § 3553(a). After *Booker*, a sentencing court must first calculate the appropriate advisory guidelines range, including any traditional departure under the guidelines, but may then impose a sentence outside of the guidelines range in light of other factors enumerated in § 3553(a). *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir.), *cert. denied*, 126 S. Ct. 276 (2005). We review the reasonableness of the extent of a downward variance under the abuse of discretion standard. *United States v. Goody*, 442 F.3d 1132, 1134 (8th Cir. 2006). In an effort to give content to the "reasonableness" standard established by the Supreme Court, we have explained that a sentence within the advisory range is presumed reasonable, because "[t]he guidelines were fashioned taking the other § 3553(a) factors into account and are the product of years of careful study." *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006). When sentencing outside the advisory range, a district court must offer an "appropriate justification" with respect to the factors set forth in § 3553(a) to establish the reasonableness of the sentence. *Id*.

In this case, the district court cited primarily questions about the credibility of witnesses to justify a variance from the advisory guideline range. We may assume that the court is not bound to accept the jury's finding of quantity, *see United States v. Jacobo*, 934 F.2d 411, 416-17 (2d Cir. 1991), even though the jury found proof beyond a reasonable doubt of the quantity alleged, while the standard of proof at sentencing is only a preponderance of the evidence. And it is well established, of

course, that a district court is free to believe all, some, or none of a witness's testimony when determining the advisory guidelines and considering relevant factors under § 3553(a). *United States v. Moore*, 212 F.3d 441, 446 (8th Cir. 2000). We review a finding regarding credibility with great deference under a "clear error" standard. *United States v. Searby*, 439 F.3d 961, 964 (8th Cir. 2006).

Nevertheless, we believe the district court's variance from the advisory range based on concerns about witness credibility was unreasonable under the circumstances of this case, because the court's reasoning strikes us as internally inconsistent. In calculating the advisory guideline range, the district court was required to make a finding about the credibility of the prosecution's witnesses who testified about drug quantity. By finding that Brown's base offense level was 38, based on a quantity of 1.5 kilograms of crack cocaine, the district court necessarily credited the testimony of those witnesses. To then vary from the range because those witnesses may not have been credible would contradict the court's own credibility finding made in determining the advisory range. It is one thing to say that the court is not bound by the jury's finding of credibility. It is quite another to say that the court itself may apply inconsistent findings of credibility to the same witnesses on the same issues when fashioning an appropriate sentence under § 3553(a) in light of *Booker*. We conclude that the court's stated concern about the credibility of witnesses is not an appropriate justification for varying from an advisory guideline range that was established based on an implicit finding that the witnesses were indeed credible.

The district court's view that "the distinction between powder and crack cocaine was not scientifically justified and resulted in sentences which were out of proportion to the criminal conduct involved" is not a sufficient basis to affirm the sentence imposed. We have held that the distinction between crack cocaine and powder cocaine in the advisory guidelines does not render unreasonable a sentence that follows the advisory range. *United States v. Tabor*, 439 F.3d 826, 831 (8th Cir. 2006). And, by our favorable citation of *United States v. Pho*, 433 F.3d 53, 64 (1st

Cir. 2006), we have intimated our agreement with the First Circuit that a district court may not reasonably impose a sentence outside the advisory range based solely on a rejection of the disparate treatment of crack and powder cocaine under the guidelines. *Tabor*, 439 F.3d at 831. In any event, whether or not our circuit ultimately agrees with the holding in *Pho*, the record does not suggest that the district court in this case intended to justify its variance from the 360-month sentence recommended by the advisory range to the 240-month sentence imposed solely by reference to a disagreement with the treatment of crack cocaine under the sentencing guidelines. The court's formal statement of reasons for a sentence outside the advisory guideline range does not refer at all to the differential treatment of crack and powder cocaine.

For these reasons, we vacate the sentence imposed and remand the case for resentencing.

_____