# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4380

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Cyril S. Plumman, also known as | * District of South Dakota. |
| Steve Plumman, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: July 31, 2006
Filed: August 7, 2006

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Cyril S. Plumman (Plumman) of sexual abuse and aggravated sexual abuse of two minor females, in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(A)-(D), and he was sentenced to life imprisonment on some counts, and 180 months' imprisonment on others. We affirmed Plumman's convictions and his 180-month sentences, but vacated his life sentences and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). See United States v. Plumman, 409

F.3d 919, 921-32 (8th Cir. 2005).  On remand, the district court[1] sentenced Plumman to 384 months' imprisonment and 5 years' supervised release, to be served concurrently, and he appeals.

At the resentencing hearing, the government asked the district court to reimpose a life sentence in accordance with the advisory Guidelines range, and confirmed the court would take into consideration the evidence at Plumman's trial, along with the evidence at the first sentencing hearing.  Plumman asked for a sentence of 180 months' imprisonment, and offered three character witnesses.  In sentencing Plumman, the district court commented about the level of violence and risks to Native American women and children on South Dakota reservations.  The district court stated there was no basis for a traditional downward departure, but nevertheless granted a variance to 384 months' imprisonment, noting several 18 U.S.C. § 3553(a) factors in its post-hearing written statement of reasons for imposing a sentence below the advisory Guidelines range.

On appeal, Plumman argues his sentence is unreasonable because he was not sentenced based upon an objective analysis of section 3553(a)'s sentencing factors, and the district court was not sufficiently specific in stating reasons for its sentencing decision.  Although the district court did not recite all of the section 3553(a) factors, the record shows the court considered them, and we disagree with Plumman that the court's expression of concern about the violence on Indian reservations in South Dakota shows the court gave significant weight to an improper or irrelevant factor. See United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006) (holding sentence may be unreasonable if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but nevertheless committed clear error of

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

judgment by imposing sentence outside range of choice dictated by facts of case; district court is not required to recite each section 3553(a) factor on record when it imposes sentence, as long as it is clear they were considered), petition for cert. filed, (U.S. June 15, 2006) (No. 05-11598). Given the presumptive reasonableness of a life sentence in this case, and Plumman's failure to cite any reason for a further variance, we conclude Plumman's sentence is not unreasonable, and the district court did not abuse its discretion. See United States v. Brown, No. 05-3896, 2006 WL 1913055, at *2 (8th Cir. July 13, 2006) (holding after Booker, sentencing court must first calculate appropriate advisory Guidelines range, including any traditional Guidelines departure; where there are no grounds for traditional departure, court of appeals reviews for abuse of discretion reasonableness of downward variance); United States v. Haack, 403 F.3d 997, 1003 (8th Cir.) (stating "standard of review is whether the district court abused its discretion by imposing an unreasonable sentence"), cert. denied, 126 S. Ct. 276 (2005).

Accordingly, we affirm.

_____