# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3358

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Santos Fidel Portillo, | * | |
| | * | |
| Defendant – Appellee. | * | |

_____

Submitted: May 16, 2006
Filed: August 21, 2006

_____

Before MURPHY, JOHN R. GIBSON and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Santos Fidel Portillo was convicted of conspiracy to distribute methamphetamine (one count) and distribution of methamphetamine (four counts). On remand, after calculating the advisory Guidelines range as 188 to 235 months, the district court resentenced Portillo to 120 months, the statutory minimum. The government appeals. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court reverses and remands.

Portillo was originally sentenced to 135 months. In *United States v. Portillo*, 108 Fed. App'x 423 (8th Cir. 2004), this court vacated his sentence and remanded the case, holding there was insufficient evidence to support conviction on one count of

distribution of meth, and that the district court erred in applying a three-level downward departure based on *United States v. Jauregui*, 314 F.3d 961 (8th Cir. 2003).

At the second sentencing, the district court again calculated the advisory Guidelines range as 188 to 235 months. The court then varied downward, imposing 120 months, explaining:

> In imposing the following sentence, the Court has based its 3553 analysis upon the testimony at trial of the fellow inmates of the defendant having testified. The Court also takes into account the parties' stipulation to 50 grams of a mixture or substance containing methamphetamine that was entered into.
>
> The result is the Court has reflected upon the seriousness of these offenses, the need for adequate deterrence, the protection of the public from further crimes by this defendant, the need for his rehabilitation, type of sentences available now under the suggested sentencing range outlined by the Sentencing Commission, along with its policy statements.

In its Statement of Reasons, the court wrote:

> Count seven was vacated by order of the Court of Appeals. As for the sentenced imposed on the other counts, considering all of the factors under 18 U.S.C. § 3553(a), the Court determined that the mandatory minimum was more than sufficient to punish to defendant for his first criminal offense, particularly given the defendant's young age at the time of the offense and the lack of violence related to the criminal conduct. The Court also finds that, by in large, the drug amount calculated by presentence reporter came from testimony of two other felons, leaving in the Court's mind considerable doubt as to the accuracy of the drug amounts testified to. The jury found the defendant responsible, beyond a reasonable doubt, for at least (adding counts 1 and 5 together) 100 grams or more of a mixture or substance containing methamphetamine, plus detectable amounts required for conviction on the other two counts, 4 and 6. This is far less than was attributed to him by Government witnesses. Accordingly, the sentence imposed reflects the Court's reluctance to sentence the Defendant to an over-long term based solely on the testimony of those Government witnesses,

particularly given the absence of any tangible evidence for a substantial amount of that testimony.

In varying from the Guidelines range, the district court determined that some testimony regarding drug quantity was dubious. *See United States v. Morales*, 445 F.3d 1081, 1085 (8th Cir. 2006) (sentencing court required to find sentence-enhancing facts only by a preponderance of the evidence); *see also United States v. Moore*, 212 F.3d 441, 446 (8th Cir. 2000) ("The district court is free to believe all, some, or none of the witness's testimony."). The variance in this case – as noted both at sentencing and in the Statement of Reasons – is based specifically on one key witness's questionable credibility, "particularly given the absence of any tangible evidence for a substantial amount of that testimony." *See United States v. Annis*, 446 F.3d 852, 856 n.2 (8th Cir. 2006) ("Credibility assessments are for the fact-finder."). This basis for the variance, however, is "internally inconsistent" because it contradicts the court's implicit credibility findings made in determining the advisory Guidelines range. *See United States v. Brown*, 453 F.3d 1024, 1026 (8th Cir. 2006). "[T]he court's stated concern about the credibility of witnesses is not an appropriate justification for varying from an advisory guideline range that was established based on an implicit finding that the witnesses were indeed credible." *Id*.

In fashioning a reasonable sentence, a district court must first calculate the advisory Guidelines range before applying § 3553(a) factors. *See United States v. Booker*, 543 U.S. 220, 259–60 (2005); *United States v. Mickelson*, 433 F.3d 1050, 1055 (8th Cir. 2006); *United States v. Pirani*, 406 F.3d 543, 548 (8th Cir. 2005); *United States v. Haack*, 403 F.3d 997, 1002–03 (8th Cir. 2005). The court may still determine a witness's credibility at sentencing, but if credibility is necessary to calculate the advisory Guidelines range, the district court cannot consider credibility as part of its § 3553(a) analysis. *See Brown*, 453 F.3d at 1026.

Thus, this court reverses and remands for further proceedings consistent with this opinion.

_____