# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1364

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Bradley Gregg, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 26, 2006
Filed: November 13, 2006

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Bradley Gregg (Gregg) pled guilty to possessing a firearm while subject to a restraining order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). The district court sentenced Gregg to 15 months' imprisonment. The government appeals Gregg's sentence, arguing the district court erred by refusing to apply an enhancement for using a firearm in connection with another felony offense and by granting a 3-level reduction for acceptance of responsibility. For the reasons stated below, we vacate and remand for resentencing.

## I.  BACKGROUND

Tony Sole, also known by the alias Chad Massen (Massen), owed Gregg several hundred dollars.  To enable Massen to earn money to repay his debt, Gregg loaned Massen several hundred dollars more.  Massen intended to use the money to purchase and then resell methamphetamine.  As collateral for the loan, Massen gave Gregg a stolen shotgun.

On December 6, 2003, while subject to a restraining order, Gregg was hunting and accidentally shot himself in the foot with the shotgun.  On December 9, 2003, ATF Special Agent Zane Dodds (Agent Dodds) interviewed Gregg about the hunting accident.  Gregg initially stated he purchased the shotgun from a gun dealer in Des Moines, Iowa, but later claimed he purchased the shotgun from Massen.  On January 27, 2004, Agent Dodds and ATF Special Agent Todd Monney (Agent Monney) again interviewed Gregg.  At this interview, Gregg admitted he received the shotgun as collateral for a loan he made to Massen so Massen could purchase and resell methamphetamine.

On September 26, 2005, Gregg pled guilty to possessing a firearm while subject to a restraining order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).  In the plea agreement, Gregg stipulated he obtained the shotgun as collateral for a loan he made to a third party so the third party could purchase methamphetamine.

At the sentencing hearing, the disputed issue was whether Gregg used or possessed the shotgun in connection with another felony offense, specifically, a conspiracy to distribute methamphetamine. Agents Dodds and Monney both testified Gregg told them Massen tendered the shotgun as collateral and Massen intended to use the loaned money to purchase methamphetamine and resell it.  Gregg testified he told Agents Dodds and Monney he had loaned money to Massen; however, Gregg denied knowing Massen intended to purchase and resell methamphetamine.  Gregg

testified he learned Massen purchased methamphetamine only after Gregg made the loan.

The district court concluded Gregg had not used or possessed the shotgun in connection with a conspiracy to distribute methamphetamine. Accordingly, the court refused to apply a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) even though the court, when deciding whether or not to grant a variance, concluded the testimonies and reports of Agents Dodds and Monney were "accurate."

After the district court refused to apply an enhancement pursuant to section 2K2.1(b)(5), the court concluded Gregg was entitled to a 2-level reduction for acceptance of responsibility. The government then made a motion for an additional 1-level reduction for acceptance of responsibility. The government made the motion, even though the government believed Gregg was not entitled to acceptance of responsibility, because the district court had resolved the relevant enhancement fact issues in Gregg's favor.

Starting with a base offense level of 14 pursuant to section 2K2.1(a)(6), the district court applied a 2-level enhancement because the shotgun was stolen, see U.S.S.G. § 2K2.1(b)(4), and a 3-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1. Gregg's total offense level of 13 and criminal history category II produced an advisory Guideline range of 15 to 21 months' imprisonment. The district court sentenced Gregg to 15 months' imprisonment.

The government appeals Gregg's sentence, arguing the district court erred by refusing to apply an enhancement pursuant to section 2K2.1(b)(5) and by granting a reduction for acceptance of responsibility pursuant to section 3E1.1.

## II.    DISCUSSION

Although application of the Guidelines is no longer mandatory, the district courts nevertheless must consult the Guidelines to calculate a defendant's sentence because the Guidelines are "the critical starting point for fashioning a reasonable sentence under [18 U.S.C.] § 3553(a)." United States v. Jeremiah, 446 F.3d 805, 807 (8th Cir. 2006) (internal quotation omitted). "We review de novo the district court's interpretation and application of the Guidelines." United States v. Peterson, 455 F.3d 834, 837 (8th Cir. 2006) (citation omitted). We review for clear error the district court's factual findings, id., and its decision to grant a reduction for acceptance of responsibility, United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001).

### A.    Possessing a Firearm in Connection With Another Felony Offense

Section 2K2.1(b)(5) calls for a 4-level enhancement for using or possessing "any firearm or ammunition in connection with another felony offense." The government contends Gregg used and possessed a firearm in connection with a drug conspiracy by accepting the shotgun as collateral for a loan. Gregg asserts the government proved neither the existence of a drug conspiracy nor that Gregg used or possessed a firearm in connection with a drug conspiracy.

To prove Gregg conspired to distribute methamphetamine, the government had to show (1) the existence of a conspiracy, that is, an agreement to distribute methamphetamine; (2) Gregg knew of the conspiracy; and (3) Gregg intentionally joined the conspiracy. See United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006). At the sentencing hearing, the government offered Gregg's plea agreement as well as the testimonies and reports of Agents Dodds and Monney to show Gregg conspired to distribute methamphetamine. The plea agreement, testimonies, and reports showed Gregg loaned money to Massen knowing Massen intended to purchase and then resell methamphetamine so Massen could repay his debts to Gregg. Despite this evidence, the district court chose not to apply a 4-level enhancement pursuant to section 2K2.1(b)(5).

The district court expressly found the testimonies and reports of Agents Dodds and Monney were credible when fashioning a sentence under 18 U.S.C. § 3553(a).[1] However, the court necessarily must have treated the agents' testimonies and reports as incredible when calculating the appropriate Guideline range. If the district court found the testimonies and reports of Agents Dodds and Monney credible, the court should have applied an enhancement pursuant to section 2K2.1(b)(5). A court's credibility findings for purposes of calculating the appropriate Guideline range and fashioning a sentence under § 3553(a) must be internally consistent. See Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985) (stating a district court's findings regarding the credibility of testimony, "if not internally inconsistent, can virtually never be clear error"). We previously have held a district court clearly errs when it finds testimony to be credible for purposes of calculating an advisory Guideline range, yet it finds the same testimony to be incredible for purposes of fashioning a sentence under § 3553(a). United States v. Portillo, 458 F.3d 828, 830 (8th Cir. 2006); United States v. Brown, 453 F.3d 1024, 1026 (8th Cir. 2006). Similarly, a district court also clearly errs when it finds testimony to be credible for purposes of fashioning a sentence under section 3553(a), yet it finds the same testimony to be incredible for purposes of calculating an advisory Guideline range. See Brown, 453

---

[1]At the sentencing hearing, the district court stated:

And I'm persuaded for whatever reason that [Agents Dodds's and Monney's] reports are accurate that [Gregg] said in effect what he said and that [Gregg] decided to tell [Agents Dodds and Monney] all these things. . . . But [Gregg] even after he had told [Agents Dodds and Monney] everything they wanted to know and they were ready to drive off and work some other case said, [a]nd, by the way, when I gave [Massen] that money, I told [Massen] he had to—or he wanted to buy drugs with it and so forth, and I said okay and gave him the money. . . . I'm not sure why, but I am sure that [Gregg's] own words have hurt him here today and, in fact, helped to make the Court decide what it has to decide.

F.3d at 1026 (vacating and remanding a sentence based on internally inconsistent findings regarding the credibility of testimony). Therefore, because the district court's findings were internally inconsistent, the district court clearly erred.

Additionally, Gregg contends the government never proved he used or possessed a firearm in connection with a conspiracy to distribute methamphetamine. To be used or possessed in connection with another felony, the firearm must have "'some purpose or effect with respect to' that felony and facilitates or has the potential to facilitate it." United States v. Massey, 462 F.3d 843, 847 (8th Cir. 2006) (quoting United States v. Fredrickson, 195 F.3d 438, 439 (8th Cir. 1999) (per curiam)). Firearms merely present by accident or coincidence are not possessed or used in connection with another felony. Smith v. United States, 508 U.S. 223, 238 (1993), abrogated on other grounds by Bailey v. United States, 516 U.S. 137, 146 (1995); Fredrickson, 195 F.3d at 439-40.[2]

Here, Gregg joined the conspiracy by loaning money to Massen so Massen could purchase and resell methamphetamine. Gregg conditioned making the loan on Massen tendering some form of collateral. The shotgun facilitated the drug conspiracy by acting as collateral for the loan. Cf. United States v. Cox, 324 F.3d 77, 84 (2d Cir. 2003) (holding a drug dealer uses a firearm for purposes of 18 U.S.C. § 924(c) by accepting it as collateral for a debt); United States v. Byrne, 163 F.3d 603 (8th Cir. 1998) (unpublished table decision) (same). The shotgun facilitated the drug conspiracy even though Gregg never intended to use the firearm as a weapon; merely using the firearm's economic value to secure the loan facilitated the drug conspiracy. Cf. United States v. Cannon, 88 F.3d 1495, 1509 (8th Cir. 1996) (holding a drug

_____

[2]In Smith, the Supreme Court interpreted 18 U.S.C. § 924(c). See Smith, 508 U.S. at 227. Smith is relevant because the "in relation to" language set forth at § 924(c) has the same purview as the "in connection with" language set forth at section 2K2.1(b)(5). See United States v. Wunder, 414 F.3d 1019, 1021 (8th Cir. 2005) (citing United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997)).

dealer uses a firearm for purposes of 18 U.S.C. § 924(c) by trading drugs for guns). Gregg used and possessed the shotgun in connection with a drug conspiracy.

The district court clearly erred by not applying an enhancement pursuant to section 2K2.1(b)(5).

## B. Acceptance of Responsibility

After refusing to apply an enhancement pursuant to section 2K2.1(b)(5), the district court granted Gregg a 3-level reduction for acceptance of responsibility. "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1. In the plea agreement, Gregg stipulated he loaned Massen money so Massen could purchase methamphetamine. At sentencing, the court decided not to grant a variance because the testimonies and reports of Agents Dodds and Monney showed Gregg loaned Massen money knowing Massen intended to purchase methamphetamine with the money and resell the methamphetamine for a profit, permitting Massen to repay his debts to Gregg. Therefore, Gregg is not entitled to a 3-level acceptance of responsibility reduction because Gregg falsely denied relevant conduct when he testified at the sentencing hearing in a manner inconsistent with acceptance of responsibility.

## III. CONCLUSION

For the reasons stated, we vacate Gregg's sentence and remand for resentencing not inconsistent with this opinion.

_____