# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3823

_____

United States of America,         *
                              *

          Appellee,        *
                              *   Appeal from the United States

     v.               *   District Court for the
                              *   District of Nebraska.

Terron Brown, also known    *
as T-Rex,                *   [UNPUBLISHED]
                              *

         Appellant.       *

_____

Submitted:  August 24, 2007
Filed: August 27, 2007

_____

Before WOLLMAN, COLLOTON and BENTON, Circuit Judges.

_____

PER CURIAM.

Terron Brown appeals the sentence of 292 months' imprisonment imposed by the district court[1] following his conviction for conspiracy to distribute more than 1.5 kilograms of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846.  This court has vacated Brown's sentence and remanded for resentencing on two prior occasions.  See United States v. Brown, 453 F.3d 1024, 1026-27 (8th Cir. 2006); United States v. Brown, 414 F.3d 976 (8th Cir. 2005).  On this appeal, Brown

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

argues that the district court improperly applied a presumption of reasonableness to the advisory guidelines range and failed to exercise its discretion in determining the sentence. After careful review, we conclude that the district court properly recognized its responsibilities under *United States v. Booker*, 543 U.S. 220 (2005), and its discretion under 18 U.S.C. § 3553(a). We do apply a presumption of reasonableness on appeal to a sentence within the guideline range, see Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007); United States v. Lincoln, 413 F.3d 716, 717 (8th Cir.), cert. denied, 546 U.S. 1081 (2005), and we conclude that Brown's sentence is not unreasonable.

Brown also argues that this court improperly requires district courts to offer an "appropriate justification" by reference to § 3553(a) to support a variance from the guidelines range. The Supreme Court has granted certiorari in a case that presents a related question, see Gall v. United States, 127 S. Ct. 2933 (2007), but the requirement of an "appropriate justification" for a variance remains the law of this circuit. See United States v. Gonzalez-Alvarado, 477 F.3d 648, 650 (8th Cir. 2007). We decline to address Brown's pro se supplemental filing, see United States v. Dierling, 131 F.3d 722, 734 n.7 (8th Cir. 1997), and deny his request for relief.

Accordingly, the judgment is affirmed.

_____