United States Court of Appeals

For the Eighth Circuit

_____

No. 12-2185

_____

United States of America

*Plaintiff - Appellee*

v.

Adelfo Junior Soto

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: December 13, 2012
Filed: March 29, 2013
Unpublished

_____

Before LOKEN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Adelfo Junior Soto pleaded guilty to two counts, conspiracy to distribute, and possession with intent to distribute, actual methamphetamine and mixtures containing methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1), and 846. The district court[1] sentenced him to 135 months in prison. Soto appeals, challenging the court's drug quantity and role-in-the-offense determinations. Reviewing these findings for clear error, we affirm.

The Presentence Investigation Report (PSR) found that Soto was responsible for 907.2 grams of methamphetamine mixture, 45.09 grams of cocaine mixture, and 124.05 grams of marijuana, resulting in a base offense level of 32. The PSR also recommended a two-level enhancement for Soto's supervisory role in the offense, see U.S.S.G. § 3B1.1(c), and a three-level reduction for acceptance of responsibility, resulting in an advisory guidelines range of 135 to 168 months in prison. Soto timely objected to the drug quantity and role-in-the-offense recommendations.

At sentencing, the government introduced testimony by Lincoln Police Department Investigator Melissa Ripley and by Soto's cooperating co-defendant, Ivan Brooks. Ripley testified that, on December 20, 2010, she accompanied a confidential informant to a residence in Lincoln, Nebraska, to purchase cocaine from Brooks. When she arrived, Ripley saw Soto in the living room of the house before going upstairs with Brooks to his room, where he showed her some twenty bags of methamphetamine packaged in user quantities that he removed from a safe in the room. Ripley purchased an "eight ball" (3.5 grams) of methamphetamine from Brooks for $275. After the purchase, Soto came upstairs, talked about his cocaine use, and showed Ripley a bag of what he said was high quality cocaine.

The next day, Ripley returned to the residence, again saw Soto on the main floor, went upstairs with Brooks to his room, and purchased another eight ball of methamphetamine. Brooks told Ripley he could get any drug she wanted because he had connections with the Mexicans, pointing downstairs. He showed Ripley a dozen

---

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

small bags of cocaine that he removed from the safe. When Ripley offered to provide a "cut" that Brooks could use to dilute methamphetamine, Brooks went downstairs, returned, and told Ripley that Soto did not want to cut any of his methamphetamine. Ripley inferred Brooks needed Soto's approval to ask her to obtain the "cut." Ripley returned to the residence on December 28 and again purchased methamphetamine from Brooks, who said he expected to have more methamphetamine later that day. The following day, a search warrant was executed at the residence. Brooks and Soto were present. Officers found methamphetamine and marijuana in a safe in Brooks's room, and methamphetamine, cocaine, and cash in a safe on the main floor.

Appearing pursuant to his plea agreement, Brooks testified that, from the time he was released from jail on September 28, 2010, until his arrest on December 29, 2010, he sold methamphetamine and cocaine that he obtained from his only source, Soto. Brooks said he and five or six others worked for Soto and estimated that, during this period, he helped Soto sell four to five ounces of methamphetamine and two ounces of cocaine per week. Brooks packaged drugs, made deliveries, picked up money, sold drugs to customers who came to the house, and kept records of who owed Soto money. Soto obtained the drugs, told Brooks the prices to charge, and approved new customers. At the end of the day, Brooks gave Soto the money, keeping only $25 for each eight ball he sold. Soto had access to both safes in the house; Brooks could only access the downstairs safe by getting the key from Soto.

After hearing this testimony, the district court overruled Soto's objections to the PSR. The court found drug quantities warranting a base offense level of 32, noting that Brooks's testimony that he sold four ounces of methamphetamine a week for Soto during the months in question "put[s] you over 1,000 grams easily."[2] The

_____

[2]The court stated at the end of the hearing: "the defendant should be held accountable at a base offense level of 32, whether you use the calculation [based on Brooks's testimony or] the calculation presented in the presentence report."

court also imposed the § 3B1.1(c) two-level role enhancement: "I am persuaded as well that the defendant Soto had sufficient control over Brooks and exercised that control . . . ." The court denied Soto's motion for a downward variance and sentenced him to concurrent sentences of 135 months on each count.

A. Drug Quantity. Soto first argues the district court clearly erred in finding him accountable for drug quantities that placed him at base offense level 32. As the district court noted, level 32 was reached by the quantity of methamphetamine Brooks estimated he distributed for Soto, without taking into account quantities of cocaine and marijuana for which Soto was admittedly responsible. Attacking that estimate, Soto first argues the district court failed to make an explicit finding as to Brooks's credibility, as required by United States v. Brown, 453 F.3d 1024, 1025-26 (8th Cir. 2006). Soto misreads our decision in Brown as requiring explicit credibility findings. To the contrary, we determined in that case that the district court had "necessarily credited" prosecution witness testimony in making its base offense level finding, and we reversed the district court for varying from that "implicit finding." 453 F.3d at 1026; accord United States v. Portillo, 458 F.3d 828, 829-30 (8th Cir. 2006).

Soto further argues that Brooks's "strong motive for exaggerating," together with inconsistencies in his testimony and prior statements, destroyed his credibility. Soto urges that we instead credit his own assertion that he possessed only eight ounces of methamphetamine during the relevant time period. But we are not a fact-finding tribunal. "Witness credibility is quintessentially a judgment call and virtually unassailable on appeal." United States v. Sicaros-Quintero, 557 F.3d 579, 582 (8th Cir. 2009). This is not the extreme case where a credibility finding may be error, "such as when the witness testified to facts that are physically impossible." United States v. Jones, 628 F.3d 1044, 1047 (8th Cir. 2011). The district court's drug quantity finding was not clearly erroneous.

B. The Role-in-the-Offense Enhancement. Soto argues the district court clearly erred in imposing this two-level enhancement because the government failed to prove he was anything more than a supplier of drugs. "For a two-level managerial role enhancement to apply, it is only necessary that the defendant supervise or manage one other participant." United States v. Johnson, 619 F.3d 910, 921 (8th Cir. 2010) (quotations omitted). Here, based on testimony by Brooks explaining his relationship with Soto during the months in question, the district court found that Soto exercised sufficient control over Brooks's actions in distributing drugs Soto provided to warrant the managerial enhancement. Reviewing this evidence, and taking into account the relevant factors enumerated in Application Note 4 to § 3B1.1, we cannot say the district court clearly erred in imposing the two-level enhancement. Compare Johnson, 619 F.3d at 921-22; United States v. Guzman-Tlaseca, 546 F.3d 571, 580 (8th Cir. 2008), cert. denied 129 S. Ct. 2025 (2009); United States v. Guel, 184 F.3d 918, 923 (8th Cir. 1999). The evidence showed far greater control over Brooks's actions than the "fronting" of drugs (selling on credit) at issue in United States v. Del Toro-Aguilera, 138 F.3d 340, 343 (8th Cir. 1998), on which Soto relies.

The judgment of the district court is affirmed.

_____