# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3254

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Vernis Farmer, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2011
Filed: August 8, 2011

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Vernis Farmer of one count of making a false statement to obtain Social Security Disability benefits, and two counts of knowingly concealing that he earned wages above the income threshold for disability payments. *See* 42 U.S.C. § 408(a)(3)-(4). The district court[1] sentenced him to 21 months of imprisonment and ordered $43,374.50 in restitution. On appeal, Farmer argues that

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

his sentence is unreasonable, and files various pro se motions seeking reversal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

In 1997, Farmer applied for and eventually received Title II Social Security Disability benefits. An Administrative Law Judge determined that Farmer qualified for benefits due to severe mental and physical impairments: borderline intellectual functioning, somatoform disorder,[2] a disc bulge or herniation in the lower back, post-traumatic inner-ear dysfunction resulting in persistent vertigo, and whiplash-associated neck strain. Farmer served honorably in the United States Army from 1976-79 and 1980-84. His disability benefits began in 1999.

To be eligible for Social Security Disability benefits, a person must be unable to engage in substantial gainful activity ("SGA") for extended periods. SGA is any significant physical or mental activity for which the monthly wage exceeds a threshold set by the Social Security Administration ($860 per month in 2006, $900 per month in 2007, etc.). Generally, once a beneficiary earns over the monthly SGA amount, benefits are suspended the following month. The Social Security Administration requires regular reporting of work activity and wages, and recipients are repeatedly warned that false statements or misrepresentations carry criminal penalties.

---

[2] A somatoform disorder is a mental disorder characterized by physical symptoms that suggest physical illness or injury, but which have no identifiable physical cause, i.e., medical test results are either normal or do not explain the person's symptoms. Somatoform disorders are not the result of conscious malingering (fabricating or exaggerating symptoms for secondary motives)—sufferers perceive their symptoms as real.

In early 2003, Social Security learned that Farmer had been working since 2001 as the Chief of Police for Hayti Heights, Missouri, earning wages over the monthly SGA amount. Because Farmer was thus ineligible for benefits, he owed Social Security $15,388. Farmer opposed Social Security's attempt to end his benefits, claiming he was working part-time or on medical leave at various times during 2001-03. In August 2004, Farmer received a Notice of Disability Cessation; his payments stopped. The overpayment was eventually recovered by withholding from the benefits he received during 2005-06, when he was once again eligible for disability benefits.

A month after his benefits ended in 2004, Farmer reported to Social Security that he had not worked in the last month due to his medical condition, and requested expedited reinstatement of disability benefits. Farmer was granted expedited reinstatement; his payments resumed.

In December 2006, Farmer wrote Social Security, saying he had resumed part-time desk duties at the police department, and was receiving income of $800 per month—below the monthly SGA limit. Social Security prepared a Work Activity Report, and forwarded it to Farmer for his signature. The report summarized the information in Farmer's letter, stated he was earning $800 per month, and warned him, just above his signature, that it is a crime to make a false statement for use in determining a right to Social Security payments. Farmer signed the Work Activity Report in March 2007, and continued to receive disability benefits.

In 2009, the Social Security Administration received an anonymous tip that Farmer was working full-time as the police chief and earning in excess of the SGA limit. An investigation revealed that between November 2006 and February 2007, the city paid Farmer more than $1,600 per month as police chief—well over both the SGA limit and the amount Farmer reported in March 2007. A review of the city's payroll records determined that Farmer was ineligible for more than $40,000 in Social

Security Disability benefits received since 2003 (when Farmer initially got in trouble for failing to report that he was earning wages in excess of the monthly SGA limit).

Farmer was indicted for making a false statement to obtain Social Security Disability benefits and knowingly concealing that he earned wages above the SGA threshold. At trial, he denied any intent to defraud Social Security, offering various explanations for how he received over $800 per month in payments. According to him, many of the checks from the city were for "medical leave" or back pay, not full-time work. The city, which in recent years has experienced precarious finances, admitted that Farmer had received back or late pay at times to help it meet payroll, and that the city currently owed him about $3,000 for a police car he purchased for the city's use.

After a jury trial, Farmer was found guilty. His advisory guidelines range was 21-27 months. At sentencing, the government argued for an upward departure or variance to 32 months to reflect Farmer's status as a law enforcement officer who repeatedly broke the law for years. Farmer, then 52 years old, requested a downward variance because of his Army and police service; his mental and physical health; and his vulnerability in prison as an ex-police officer.

The district court denied the government's motion for an upward departure or variance, and imposed a sentence of 21 months' imprisonment, at the bottom of the guidelines range:

> I don't think you are a bad person, Mr. Farmer, but at the same time, I agree with the jury's verdict as I mentioned to you before, and the most important thing – the most important piece of evidence in that case was the fact that you'd already gotten into the same trouble before and you'd had this administrative hearing and you had been penalized through that administrative hearing and ordered to pay back that other

-4-

$15,000 plus for roughly the same kind of misconduct. . . . And it's clear to the Court that you intended to apply for these extra benefits at the time you knew that you were working, and so that's a concern to the Court.

I do recognize though what your lawyer has said about your personal history and characteristics, that you have serious issues with your physical and your mental health, and those are mitigating circumstances to the Court.

For those reasons, pursuant to the Sentencing Reform Act of 1984 and the provisions and all the factors set out in Title XVIII, United States Code, Section 3553(a), and also in view of the sentencing objectives of just punishment and general deterrence and incapacitation, and let me also say and also in the Court's view that there is no chance whatsoever that you will commit a crime of this sort ever again, it is the judgment and sentence of the Court that you shall be imprisoned for a term of 21 months. That term consists of a term of 21 months on each of Counts One through Three; all such terms to run concurrently. Now that is the bottom end of the Sentencing Guidelines, Mr. Farmer. The Government asked for 32 months. The guidelines provide 21 to 27 months, so I am giving you the very low end of the Sentencing Guidelines, and I hope you can appreciate then that this is a lenient sentence that's being imposed against you.

This appeal followed.

II.

Farmer challenges his sentence, arguing that 21 months in prison is substantively unreasonable because: 1) it contradicts the district court's specific finding that his mental and physical disabilities mitigated the crime, and the guideline range does not account for those factors; and 2) it fails to give any effect to the court's finding that there was "no chance whatsoever that [Farmer] will commit a crime of this sort ever again." *See* 18 U.S.C. § 3553(a)(2)(C) (requiring courts to consider the need for the sentence imposed "to protect the public from further crimes of the defendant"). Farmer also faults the district court for referring to his sentence as "lenient" in contrasting the bottom of the guideline range (21 months) with the government's request for 32 months. According to Farmer, the district court erred by using the government's requested sentence as a point of departure, when the court had previously rejected the breach-of-the-public-trust rationale for the government's proposed sentence.

This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness. ***United States v. O'Connor***, 567 F.3d 395, 397 (8th Cir. 2009). Because Farmer does not allege procedural error, this court reviews the substantive reasonableness of his sentence under a deferential abuse-of-discretion standard, according a "presumption of substantive reasonableness" to sentences within the guidelines range. ***United States v. Luleff***, 574 F.3d 566, 569 (8th Cir. 2009). A district court may grant a downward variance from the advisory guidelines range after considering the factors set out in 18 U.S.C. § 3553(a). ***United States v. Foster***, 514 F.3d 821, 824 (8th Cir. 2008). A district court is not required to mechanically recite the 18 U.S.C. § 3553(a) factors, but it must be clear from the record that the district court actually considered the factors in fashioning a sentence. ***United States v. Feemster***, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). An abuse of discretion occurs when: 1) a court fails to consider a relevant factor that should have received significant weight; 2) a court gives

significant weight to an improper or irrelevant factor; or 3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment. *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009).

In this case, the district court considered the sentencing factors in § 3553(a) and concluded that a sentence within the guidelines range was warranted—a conclusion this court on appeal may presume was reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005). Farmer argues that the court's findings on the § 3553(a) factors are internally inconsistent with the subsequent sentence. *See United States v. Brown*, 453 F.3d 1024, 1026 (8th Cir. 2006) (vacating a below-guidelines sentence where the variance was based on the district court's finding that witnesses testifying to drug quantity were of dubious credibility, yet the court implicitly found the same drug-quantity testimony credible by using it to calculate the guidelines range); *United States v. Portillo*, 458 F.3d 828, 829-30 (8th Cir. 2006) (same). The gist of Farmer's argument is that his sentence contradicts itself because he received a guidelines-range sentence although the district court found in its § 3553(a) analysis that his mental and physical condition mitigated his crimes. Because the sentencing guidelines do not account for a defendant's mental and physical condition in setting the applicable range,[3] so the argument goes, the only reasonable, individualized sentence for him was one below the applicable range.

This argument fails. This case does not present contradictory or internally-inconsistent findings in fashioning a sentence like those found in *Brown* and *Portillo*. Here, the district court noted that Farmer's mental and physical disabilities were

---

[3] Farmer was sentenced before the U.S. Sentencing Commission promulgated Amendment 739, which changed U.S.S.G. §§ 5H1.3 and .4 to make a defendant's mental and physical condition relevant in determining whether a departure from the guidelines range is warranted.

mitigating circumstances, and that there was no risk he would recidivate, which—consistent with those findings—merited a sentence at the very bottom of the range. Farmer essentially argues that the court should have given more weight to sentencing factors in his favor: his mental and physical condition, and low likelihood of recidivism. However, regardless of some mitigating circumstances, a sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence. *United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010). Simply because the district court weighed relevant factors—such as his prior sanction by Social Security—more heavily than Farmer would prefer does not mean the district court abused its discretion. *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009).

Indeed, the district court was relatively "lenient" in sentencing Farmer to 21 months of imprisonment, in light of the court's emphasis that the "most important piece of evidence" was Farmer's prior history of similar misconduct—being caught in 2004 accepting disability payments from 2001 to 2003 while his income exceeded the monthly SGA amount. In the court's view, Farmer was clearly aware he was doing wrong in the following years by continuing to accept benefits. A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors. *United States v. Foy*, 617 F.3d 1029, 1037 (8th Cir. 2010).

The sentencing transcript does not support Farmer's argument that the district court committed error by deeming his sentence "lenient" in comparison to the 32 months the government sought. The government explicitly did not seek an upward adjustment in the base offense level based on U.S.S.G. § 3B1.3, for a two-level enhancement if the defendant abuses a position of public trust in committing a crime. The government instead requested an upward departure or variance because Farmer, while committing his crimes, was the chief law enforcement officer of his community.

The district court's reference to the government's requested sentence was not in error or otherwise inappropriate, as an upward departure or variance was within the range of options at sentencing. *See* U.S.S.G. § 5K2.0 (authorizing an upward departure from the guidelines range if the court finds an aggravating circumstance of a kind not adequately taken into consideration by the Sentencing Commission); ***United States v. Maybou***, 379 Fed.Appx. 489, 491-92 (6th Cir. 2010) (per curiam) (affirming upward variance given to a correctional officer because of "the peculiar trust that society places in police officers"); ***United States v. Arroyo***, 546 F.3d 54, 57-58 (1st Cir. 2008) (affirming upward variance given because defendant was a police officer).

In sum, the district court considered appropriate factors and provided adequate, internally-consistent reasons in imposing a reasonable sentence. Given Farmer's history of accepting disability benefits while continuing to work, a sentence at the very bottom of his guidelines range is not an abuse of the district court's substantial discretion. *Cf.* ***United States v. Lazarski***, 560 F.3d 731, 733 (8th Cir. 2009) (when a sentence is below the guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further.").

III.

After the briefs on appeal were submitted, Farmer moved pro se to supplement his reply brief, broadly alleging that the government withheld exculpatory evidence in violation of the Constitution. After submission of the case, Farmer moved pro se to discharge his appointed attorney, asserting that his counsel was ineffective in failing to present character evidence at trial, raise an issue of his mental competency, or move for a new trial based on newly-discovered evidence. This court granted Farmer's motion to relieve his appointed counsel.

To the extent Farmer has pending papers before this court that could be broadly construed as 1) a motion to expand the record on appeal; 2) a pro se brief arguing a

violation of *Brady v. Maryland*, 373 U.S. 83 (1963); or 3) a pro se brief arguing ineffective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984), this court denies the motion and declines to address these arguments at this time. Because this court has only pro se motions and an undeveloped factual record on these claims, they are better left to a collateral proceeding under 28 U.S.C. § 2255. *See* **United States v. McIntosh**, 492 F.3d 956, 961 n. 2 (8th Cir. 2007) (noting that this court generally does not consider pro se briefs when an appellant is represented by counsel); **United States v. Cook**, 356 F.3d 913, 919 (8th Cir. 2004) (declining to consider ineffective-assistance-of-counsel claim on direct appeal in absence of fully-developed record or obviously-deficient counsel); **Mandacina v. United States**, 328 F.3d 995, 999-1000 (8th Cir. 2003) (a claimed *Brady* violation is cognizable in a motion under 28 U.S.C. § 2255).

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____