# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3666

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Juan Rivera-Vargas, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  June 16, 2011
Filed:  October 6, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Juan Rivera-Vargas, a citizen of Mexico, was arrested and removed from the United States in 1993, after pleading guilty to selling marijuana, and again in 1996, after being convicted of selling cocaine, an aggravated felony.  He illegally reentered again and in March 2010 was arrested and charged in state court with a drug offense after a warrant search uncovered methamphetamine and a firearm.  He then pleaded guilty to the federal offense here at issue, illegal reentry after removal in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557.  The plea agreement included sentencing stipulations projecting that the advisory guidelines sentencing range would be either 41 to 51 months or 46 to 57 months in prison, depending upon the district court's determination of Rivera-Vargas's criminal history category.

Prior to sentencing, Rivera-Vargas submitted a Position Pleading arguing that he should be sentenced to 13 months in prison because of his advanced age, impoverished upbringing, lack of education, "stale" criminal history, large immediate family, and acceptance of responsibility. The government filed a pleading urging a sentence within the advisory guidelines range. At sentencing, defense counsel argued for a 13-month sentence because Rivera-Vargas only returned to the United States to be with his family and to escape "growing violence" in Mexico. Counsel explained that Rivera-Vargas had pleaded guilty to the state court drug charges and anticipated a 48-month sentence but urged the court to ignore those charges. The Government, on the other hand, argued that the prior drug convictions and pending drug charges were highly relevant and urged the court to impose a within-range sentence.

The district court[1] first determined without objection that the advisory range was 41 to 51 months in prison, as calculated in the Presentence Investigation Report (PSR). After noting that it had considered the PSR, relevant sentencing precedents, and the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Rivera-Vargas to 51 months in prison, the top of that range. The court made the sentence concurrent with any sentence the state court may impose "so he gets a free pass on the drug charges unless the judge [in Ramsey County] sentences him to more than 51 months."

On appeal, Rivera-Vargas argues that the district court imposed a substantively unreasonable sentence because it "committed a clear error in judgment in weighing the appropriate § 3553(a) factors cited in his position paper." We review the court's sentencing decision for abuse of discretion, taking into account the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51 (2007). Our review of the court's weighing of the § 3553(a) factors is narrow and deferential. "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or

---

[1]The Honorable Michael J. Davis, Chief Judge of the United States District Court for the District of Minnesota.

below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Here, Rivera-Vargas repeatedly entered this country illegally and committed drug trafficking offenses, which weighs heavily against his contention that a below-guidelines-range sentence was sufficient to reflect the seriousness of his offense, afford adequate deterrence, and protect the public from future crimes. The district court was not required to offset these factors by giving greater weight to his age, family relationships, and impoverished childhood in Mexico. "A district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within its wide latitude in weighing relevant factors." United States v. Farmer, 647 F.3d 1175, 1179-80 (8th Cir. 2011).

Having carefully considered the totality of the circumstances, we have no difficulty concluding that the district court did not abuse its substantial sentencing discretion. Accordingly, the judgment of the district court is affirmed.

_____