# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1614
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Page

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 15, 2012
Filed: December 12, 2012
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Robert Page pleaded guilty to conspiring to commit credit card fraud, 18 U.S.C. §§ 371, 1029(a)(2). The District Court[1] sentenced Page to sixty months in prison, an

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

upward variance from the U.S. Sentencing Guidelines range of twenty-four to thirty months, and ordered the sentence to be served consecutively to an unrelated state prison term. The court also ordered $38,580.23 in restitution, with a co-conspirator jointly and severally liable for the payment. On appeal, Page's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Page's sentence is unreasonable, that the prison term should have run concurrently with the state sentence, and that the restitution amount should not have included certain losses from conduct that occurred in New York.

We conclude that the District Court properly considered the sentencing factors and that the sentence is not unreasonable. See United States v. Farmer, 647 F.3d 1175, 1178–79 (8th Cir. 2011) (standard of review), cert. denied, 133 S. Ct. 130 (2012); United States v. Mangum, 625 F.3d 466, 470 (8th Cir. 2010) (explaining that an upward-variance sentence is reasonable where the court makes an individualized assessment of the 18 U.S.C. § 3553(a) factors, based on the facts presented, and considers the defendant's proffered information); see also United States v. Becker, 636 F.3d 402, 408 (8th Cir. 2011) (noting that a sentencing court does not abuse its discretion in imposing a consecutive sentence where it has considered the § 3553(a) factors). As to restitution, the plea agreement stated that restitution would include the amount of loss agreed to by the parties, and the parties specifically agreed to $38,580.23 at the sentencing hearing. See 18 U.S.C. § 3663A(a)(3); see also United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.").

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We therefore affirm the judgment of the District Court and grant counsel's motion to withdraw.

_____