# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-2128

_____

United States of America

*Plaintiff - Appellee*

v.

Kenji P. Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 1, 2013
Filed: March 8, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenji Walker pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] calculated a

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Sentencing Guidelines imprisonment range of 78-97 months. To calculate the base offense level, the court applied USSG §2A1.3 (Guideline for voluntary manslaughter) through the USSG §2K2.1 cross reference after it determined that Walker's fatal shooting of Keith Williams was most analogous to voluntary manslaughter. See USSG §2K2.1(c)(1)(B) (if defendant used or possessed "any firearm" in connection with commission of another offense and death resulted, apply, if greater, offense level for most analogous homicide offense under USSG §2A1). The district court varied upward to impose a sentence of 108 months in prison. On appeal, Walker's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in applying the cross reference because Walker shot Williams in self-defense.

We conclude that the application of the cross reference was appropriate, in view of the evidence undermining Walker's self-defense claim. See United States v. Tyerman, 701 F.3d 552, 566 (8th Cir. 2012) (standard of review). We further conclude that the district court properly considered the sentencing factors and that the sentence is not unreasonable. See United States v. Farmer, 647 F.3d 1175, 1178 (8th Cir. 2011) (standard of review); United States v. Mangum, 625 F.3d 466, 470 (8th Cir. 2010) (upward-variance sentence is reasonable where court makes individualized assessment of 18 U.S.C. § 3553(a) factors based on facts presented, and considers defendant's proffered information).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. We therefore affirm the judgment of the district court and grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____