United States Court of Appeals

For the Eighth Circuit

_____

No. 18-2766

_____

United States of America

*Plaintiff - Appellee*

v.

Ricardo Gutierrez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 14, 2019
Filed: July 23, 2019
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ricardo Gutierrez pleaded guilty to one count of knowingly and intentionally distributing five grams or more of methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(B). At sentencing, the district court found an advisory sentencing guidelines range of 87 to 108 months'

imprisonment. The court then sentenced Gutierrez to 108 months' imprisonment followed by 5 years of supervised release.

This court reviews sentences in two steps: "first, for significant procedural error; and if there is none, for substantive reasonableness." *United States v. Farmer*, 647 F.3d 1175, 1178 (8th Cir. 2011). Gutierrez appeals only the substantive reasonableness of his sentence, which we review "under a deferential abuse-of-discretion standard." *Id.* "An abuse of discretion occurs when: 1) a court fails to consider a relevant factor that should have received significant weight; 2) a court gives significant weight to an improper or irrelevant factor; or 3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." *Id.* at 1179. "Sentences within the guideline range," as here, "are presumed to be substantively reasonable." *See United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017). It is Gutierrez's "burden to rebut the presumption and to show that the sentence should have been lower." *United States v. Washington*, 893 F.3d 1076, 1080 (8th Cir. 2018).

Gutierrez has not carried his burden of rebutting the presumption of substantive reasonableness. He argues only that "the district court committed a clear error of judgment" by failing to give "meaningful" consideration to various mitigating factors. But Gutierrez raised these issues in his sentencing memorandum to the district court and in his argument at the sentencing hearing. "Thus, the district court was aware of [his] arguments, and we therefore presume that the district court considered and rejected them." *United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010). The district court properly considered the § 3553(a) factors in fashioning a sentence, specifically noting Gutierrez's "history and characteristics, the need for the sentence to reflect the seriousness of [his] offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct" and the "need to protect the public from future criminal activity." This court "afford[s] the [district] court wide latitude to weigh the § 3553(a) factors in each case and assign some factors

greater weight than others in determining an appropriate sentence." *United States v. DeMarrias*, 895 F.3d 570, 574 (8th Cir. 2018).

Finding no abuse of discretion, we affirm.

_____