# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2736

_____

United States of America

*Plaintiff - Appellee*

v.

Lynn Terrance Breckenridge, II

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: June 10, 2019
Filed: July 30, 2019
[Unpublished]

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Lynn Breckenridge pleaded guilty to kidnapping and aggravated sexual abuse by force, in violation of 18 U.S.C. §§ 1201(a)(2) and 2241(a). He appeals the district

court's[1] decision to impose an upward variance from the advisory sentencing guidelines range.  We affirm.

On October 5, 2014, Breckenridge kidnapped and sexually abused A.G. in Hot Springs National Park in Arkansas.  A.G. was out for a morning walk with her dog when Breckenridge offered her a ride home, tricking her into believing they had a mutual friend.  After she entered his car with her dog, he pulled a gun from the car door and kidnapped her.  He pushed A.G.'s dog out of the car and threatened to kill A.G. multiple times.  He held her by the hair and forced her to perform oral sex on him.  During the assault he told her she was "his bitch now" and forced her to discuss intimate details about her boyfriend.  A.G. thought she was going to die.  He finally told her to "get the fuck out of the car" and drove away.  The assault lasted over an hour.

Previously, on April 22, July 1, August 2, and August 24 of 2014, Breckenridge committed similar crimes against four other women in Arkansas.  He used his car and threats of death to kidnap them, coercing three of them into performing sex acts, while the fourth was able to escape prior to the sexual assault by hitting Breckenridge on the head with a bottle and jumping out of his car.  To one he said, "I've killed before and I'll do it again" and "[y]ou've just been kidnapped, I have a gun and if you try to get out of the car I'll kill you."

Breckenridge entered a guilty plea to the kidnapping and sexual abuse of A.G.  His plea agreement stipulated that Arkansas prosecutors would dismiss pending state charges for the similar offenses involving the four other women.  The district court calculated the applicable sentencing guidelines range at 168 to 210 months' imprisonment.  The court then found that this range did not provide just punishment because the severity of the offense and the dismissed state charges indicated that

---

[1]The Honorable Susan O. Hickey, Chief Judge, United States District Judge for the Western District of Arkansas.

-2-

Breckenridge was a "predator" who needed a lengthy sentence. The district court varied upward from the guidelines and sentenced Breckenridge to 405 months' imprisonment.[2]

"This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." *United States v. Farmer*, 647 F.3d 1175, 1178 (8th Cir. 2011). Breckenridge appeals only the substantive reasonableness of his sentence, which we review "under a deferential abuse-of-discretion standard." *Id.* "An abuse of discretion occurs when: 1) a court fails to consider a relevant factor that should have received significant weight; 2) a court gives significant weight to an improper or irrelevant factor; or 3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." *Id.* at 1179. When a district court chooses to vary from the guidelines range, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). If, as here, "the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Breckenridge first argues that the district court abused its discretion in varying upward because Breckenridge was a "predator" even though the guidelines already reflected the predatory nature of his offense. To the extent that the district court varied upward, at least in part, because the instant offense alone indicated that Breckenridge was a "predator," we find no abuse of discretion. "[W]e have stated repeatedly that factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." *United*

---

[2]The statutory maximum for each count of conviction was imprisonment for life. *See* 18 U.S.C. §§ 1201(a) and 2241(a).

*States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (per curiam) (internal quotation marks omitted). Our case law "does not prohibit courts from determining that the weight the Guidelines assigned to a particular factor was insufficient, but rather counsels courts to take care in doing so," *id.*, and Breckenridge's instant offenses involving A.G. were indeed predatory. But the district court's "predator" comment was not just related to the instant offense; it also referred to the uncontested fact that Breckenridge had kidnapped and threatened four other women, sexually abusing three of them and attempting the same on the fourth. This criminal history was not accounted for in his advisory sentencing guidelines range, and section 3553(a) "allows courts to vary upward based on an underrepresented criminal history." *United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009).

Breckenridge also claims that the district court failed to justify adequately the magnitude of its upward variance. We disagree. The district court considered the § 3553(a) factors and carefully explained how Breckenridge's background and history of violent abductions, threats, and vicious sexual crimes against multiple women warranted a lengthy prison term. It mentioned the need for deterrence, the need to protect the public from criminal behavior not accounted for by the guidelines, and Breckenridge's need for mental health treatment. In short, "the district court provided, as our precedent requires, substantial insight into the reasons for its determination" and its justifications rested on "the kind of defendant-specific determinations that are within the special competence of sentencing courts, as the Supreme Court has repeatedly emphasized." *Feemster*, 572 F.3d at 463-64 (internal quotation marks omitted). Though this upward variance was significant, the court did not abuse its discretion in imposing it. *See United States v. Foy*, 617 F.3d 1029, 1033, 1036-38 (8th Cir. 2010) (affirming a 480-month sentence, which was a 218-month upward variance, on the basis of violent conduct that did not contribute to the defendant's sentencing guidelines range).

For the foregoing reasons, we affirm.

_____