# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1612

_____

United States of America

*Petitioner - Appellee*

v.

Maurice James Whitehead, also known as Rocky

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 13, 2020
Filed: May 14, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Maurice James Whitehead appeals the district court's[1] revocation of his supervised release and imposition of an 18-month sentence and 4-year supervised release period. We affirm.

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa

In December 2017, Whitehead began serving a 6-year supervised release period for an offense committed in the Northern District of Iowa. In October 2018, Stacey Butler, whose parents owned a house in Illinois where Whitehead rented a room, opened the door to Whitehead's room and observed what appeared to be bags containing drugs. Butler testified that Whitehead was in his room at the time and became enraged at her intrusion. She claimed he started chasing her and punched her in the face at least three times, leaving her bloodied. When she managed to run away from Whitehead, she went to her father, James Allard, for help. Allard forced Whitehead into the basement until the police arrived. Soon after the incident, a photograph was taken of Butler's injuries.

Whitehead was arrested that same day and charged with aggravated domestic battery, 720 Ill. Comp. Stat. 5/12-3.3(a), and aggravated battery, 720 Ill. Comp. Stat. 5/12-3.05(a)(1). Approximately three weeks after the incident, Butler alleges she was approached by an unknown male who threatened her with a knife and forced her to file a notarized affidavit that retracted her earlier statement to the police about the attack.

In November 2018, the Northern District of Illinois Probation Office notified the Northern District of Iowa Probation Office that Whitehead had been arrested, that he had made no effort to gain employment while on supervised release, and that he had tested positive for drugs on three occasions. The Northern District of Iowa Probation Office then filed a petition to revoke Whitehead's supervised release based on four violations of his supervised release conditions: (1) failure to maintain employment, (2) three instances of use of a controlled substance, (3) a new violation of the law, and (4) failure to notify the probation office of a change in residence.

At his revocation hearing, Whitehead admitted to violating the employment and controlled substances conditions of his supervised release. After the Government presented evidence concerning the other violations, the district court

found that Whitehead had committed all four violations. The court assumed for purposes of the sentencing guidelines that all four were grade C violations, although the Government argued for a higher classification of grade A for the new law violation. The court calculated a criminal history category of III and an advisory sentencing guidelines range of 5 to 11 months. It then found that Whitehead's multiple violations of release conditions as well as the nature of the battery warranted an above-guidelines sentence of 18 months' imprisonment.

Whitehead appeals, arguing the district court erred in finding that he committed a new law violation and contending that his sentence is substantively unreasonable.

"We review a district court's decision to revoke supervised release for an abuse of discretion, and we review the factual determinations underlying the court's decision to revoke for clear error." *United States v. Lynch*, 611 F.3d 932, 934 (8th Cir. 2010). Whitehead argues that the district court clearly erred in finding that he committed a new law violation by assaulting Butler because her testimony was contradictory and implausible and therefore not credible. "A district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility." *United States v. Salsberry*, 825 F.3d 499, 501 (8th Cir. 2016) (brackets omitted).

Whitehead asserts that Butler is not a credible witness because her account of being threatened by an unknown man with a knife is implausible, she had a history of mental illness, and she had previously been charged with lying to police. But Butler's testimony that Whitehead struck her in the face was corroborated by her father's testimony that he saw Butler's facial injuries immediately after the attack and that she told him Whitehead had struck her. Additionally, a photograph of Butler's injuries, consistent with her account of the attack, was presented to the court. For these reasons, we do not find that the district court clearly erred in

crediting Butler's testimony and finding that Whitehead committed a new law violation by assaulting Butler.

Second, Whitehead argues that his 18-month sentence is substantively unreasonable. "[W]e consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Green*, 946 F.3d 433, 440 (8th Cir. 2019). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.*

Whitehead argues that the district court did not properly consider factors such as his alleged good behavior on supervised release before the October 2018 incident, and he asserts that the court gave undue weight to his new law violation. In fashioning Whitehead's sentence, the district court noted that it "did take into account all the factors" in 18 U.S.C. § 3553(a). Additionally, Whitehead did not demonstrate law-abiding behavior before the October 2018 incident. In fact, he conceded that he violated two conditions of his initial supervised release by using controlled substances and failing to maintain employment. Moreover, the district court explained that it considered the above-guidelines sentence appropriate because of the "totally unprovoked" attack and other violations of release conditions. Therefore, we do not find that the district court abused its discretion by imposing an 18-month sentence. *See United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011) (noting that a district court does not abuse its discretion in weighing relevant factors more heavily than the defendant prefers).

We affirm.

_____