# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 23-3297

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Lewis Edward Byrd, III

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: May 6, 2024
Filed: July 5, 2024
[Unpublished]

——————————

Before COLLOTON, Chief Judge, SHEPHERD and STRAS, Circuit Judges.

——————————

PER CURIAM.

Lewis Edward Byrd, III, appeals the sentence imposed after he was convicted, pursuant to his guilty plea, of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district court[1] calculated Byrd's

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

United States Sentencing Guidelines range as 46 to 57 months' imprisonment but varied upward and imposed a sentence of 72 months' imprisonment to be followed by 3 years of supervised release. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Byrd argues that the district court abused its discretion by imposing a substantively unreasonable sentence. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Palkowitsch, 36 F.4th 796, 802 (8th Cir. 2022) (citation omitted). Further, "[i]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Godfrey, 863 F.3d at 1099 (citation omitted).

Byrd contends the district court committed a clear error of judgment by assigning excessive weight to the consideration reflected in 18 U.S.C. § 3553(a)(2)(A)—"the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"—by "linking the firearm-possession offense to past and future gun violence against women, when the record reflects no such linkage." However, Byrd's contention is belied by the record. In explaining its sentence, the district court first stated that it had considered all of the § 3553(a) factors and specifically mentioned the need for the sentence to be sufficient, but not greater than necessary, to achieve the purposes of sentencing described in § 3553(a)(2). The district court further noted the nature and circumstances of the offense as described in the unobjected-to portions of Byrd's Presentence Investigation Report, including that Byrd was found in possession of a loaded firearm and that he lied in purchasing the firearm by representing that he was not a felon. In discussing Byrd's history and characteristics,

pursuant to § 3553(a)(1), the district court noted Byrd's traumatic childhood, the substance abuse problems of his mother, abandonment by his father, and his subsequent adoption. The district court discussed Byrd's criminal history, per § 3553(a)(1), identifying four "problematic patterns" supporting the need for the sentence imposed under § 3553(a)(2)(B) and (C): a history of violence against women; that the facts underlying his convictions included "multiple attempts to flee law enforcement officers by driving vehicles at high rates of speed"; that his past supervision history demonstrated repeated violations of release conditions, including absconding; and that Byrd has not been deterred from engaging in criminal conduct by lengthy terms of imprisonment. The district court concluded by finding that Byrd poses a significant danger to the public, see id. § 3553(a)(2)(C), and that a significant upward variance was warranted. In short, while clearly noting Byrd's history of violence toward women as well as noting the firearm possession which underlies this conviction, contrary to Byrd's contention, the district court did not focus on nor even mention *past or future gun violence* against women.

Byrd's contention boils down to the argument that the district court gave too much weight to the factors reflected in 18 U.S.C. § 3553(a)(2)(A). However, we give the district court "wide latitude to weigh the § 3553(a) factors . . . and assign some factors greater weight than others in determining an appropriate sentence. Simply because the district court weighed relevant factors . . . more heavily than [Byrd] would prefer does not mean the district court abused its discretion." United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011) (citation omitted). The district court did not commit a clear error of judgment in weighing the § 3553(a) factors nor did its sentencing decision fall outside of the wide discretion it is afforded.

Accordingly, we affirm the judgment of the district court.

_____