# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2033
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Richard Corey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: January 13, 2022
Filed: June 10, 2022
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Jason Corey was convicted of five offenses related to trafficking methamphetamine. He filed a post-conviction motion for new trial, alleging a violation of the court's trial procedure order and a *Brady* violation. The district

court[1] denied the motion and sentenced Corey to 295 months in prison. He appeals, challenging the denial of his motion and the substantive reasonableness of his sentence. We affirm.

## I.

Law enforcement officers investigated a potential drug trafficking operation after an informant told them that Jason Corey planned to move a large amount of meth to Iowa from Illinois. They convinced the informant to record his conversations with Corey about prices and sourcing of drugs. The informant also made a controlled buy at Corey's home. Later searches of Corey's car and home uncovered meth, drug paraphernalia, cash, and guns. And a search of his phone revealed messages discussing drug prices. Corey confessed to trafficking drugs from Arizona and Illinois, selling drugs to at least ten regular customers, and possessing guns for protection. Authorities indicted him for conspiracy to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; distribution of a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); two counts of possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1).

The case went to trial and, as part of its trial management procedures, the district court ordered that all witnesses be sequestered. One of the Government's witnesses was Officer Cirkl, who testified during the first two days of trial. On the second day, Corey's counsel asked Cirkl if he had talked to anyone about the case since trial recessed the day before. Cirkl said that he didn't tell others about his testimony. He admitted, however, that colleagues told him about the case, and, as a result, he "heard portions of what had happened in court" the day before. Corey's counsel then moved on to other lines of questioning without exploring the issue

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

further. Corey moved for a mistrial the next morning, arguing that Officer Cirkl violated the court's trial management order. The district court denied the motion.

Trial continued, and the jury convicted Corey on all counts. After trial, the Government disclosed an affidavit to the defense. In it, DEA Agent Brian Furman indicated that Henry Eilders, another drug trafficker, travelled to Burlington, Iowa to source meth. Corey's former cellmate testified at trial that Corey confessed to making trips to Burlington to acquire meth. Corey suggests that the affidavit could have potentially contradicted that testimony or suggested that someone other than Corey trafficked meth from Burlington. Corey filed a motion for new trial, renewing his argument that Officer Cirkl violated the trial management order in a manner causing prejudice, and arguing that the Government committed a *Brady* violation by failing to disclose the DEA affidavit. The district court denied the motion.

Corey's Guidelines range was 235–293 months in prison for the drug offenses and 60 months for the firearm offense. The district court denied Corey's motion for a downward variance and sentenced him to 235 months in prison for the drug offenses and 60 months in prison, to run consecutively, for the firearm offense. Corey appeals, arguing that the district court erred by denying his motion for new trial and by imposing a substantively unreasonable sentence.

## II.

### A.

We review the district court's denial of a motion for new trial based on a witness sequestration violation for abuse of discretion. *United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012). Even when there is a violation, the district court may deny relief if it did not prejudice the defendant. *Id.* at 878.

The district court denied Corey's motion for new trial, finding that the record didn't establish a violation of its witness sequestration order and that, even if it did,

there was no evidence that the violation prejudiced Corey. The court noted that Corey did not point to evidence in the record showing "any overlap between the testimony of Officer Cirkl and any other witness such that even if he did speak with other law enforcement officers it could have logically influenced his or another witness'[s] testimony." Rather, it characterized Corey's argument as "based on conjecture and speculation." Corey nonetheless insists that whatever Officer Cirkl heard or said about the case must have both benefited his testimony and prejudiced Corey's case. Specifically, Corey argues that the case discussion likely prepared Officer Cirkl for defense counsel's accusations that law enforcement doctored investigation documents.

But defense counsel didn't explore the facts of Cirkl's discussion while Cirkl was on the stand. There is nothing in the record reflecting what Cirkl learned or whether it affected his testimony, another witness's testimony, or Corey's rights. As a result, Corey's argument that he was prejudiced by the still-undefined discussion is baseless, and the district court did not abuse its discretion by denying the motion for new trial.

## B.

Next, we address the affidavit. In *Brady v. Maryland*, the Supreme Court held that a prosecutor's suppression of exculpatory evidence violates the Due Process Clause of the Fourteenth Amendment. 373 U.S. 83, 86 (1963). Prosecutors commit a *Brady* violation when they withhold evidence from the defense that is (1) favorable to the accused and (2) material either to guilt or to punishment. *Smith v. Cain*, 565 U.S. 73, 75 (2012). Evidence is favorable if it is directly exculpatory or useful for impeachment purposes. *United States v. Tyndall*, 521 F.3d 877, 881 (8th Cir. 2008). And evidence is material "when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Turner v. United States*, 137 S.Ct. 1885, 1893 (2017) (citation omitted). "'A "reasonable probability" of a different result' is one in which the suppressed

evidence 'undermines confidence in the outcome of the trial.'" *Id.* (citation omitted). In other words, suppressing the evidence must have prejudiced the defendant. *Id.*

Corey argues that the DEA affidavit is favorable evidence because it provides a basis for impeaching Corey's cellmate and because it suggests that Henry Eilders, not Corey, was responsible for trafficking drugs from Burlington. Even assuming that it is favorable, the evidence isn't material. At trial, the Government presented witnesses who testified to Eilders's involvement in the drug trafficking conspiracy and his trips to Burlington. Because the jury was well aware of Eilders's involvement in the trafficking conspiracy, the DEA affidavit would not have added any new information.

Further, the Government's evidence against Corey was overwhelming, even without evidence of Corey's drug trafficking from Burlington. The Government presented evidence showing that Corey trafficked drugs from other sources, sold drugs to multiple customers, and possessed guns during his drug operations. This included: (1) the controlled buy operation that recorded Corey selling meth; (2) drugs, drug paraphernalia, cash, and guns found in Corey's home and car; (3) Corey's confession that he was a drug dealer who possessed guns and sourced meth from Arizona and Illinois; and (4) text messages in which Corey discussed and set prices for drugs. Viewed in context with the totality of the evidence presented in this case, there's no reasonable probability that the result of Corey's trial would have been different had the affidavit been disclosed. Because the evidence is immaterial to the outcome of the case, the Government's failure to disclose the DEA affidavit was not a *Brady* violation. Accordingly, the district court did not err in denying the motion for new trial.

III.

Finally, Corey argues that his sentence is substantively unreasonable and that the district court erred in denying his request for a downward variance. We review the substantive and procedural fairness of a sentence for abuse of discretion. *United*

*States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A sentence is unreasonable if it's "greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). The sentencing court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) considers the appropriate factors but commits a clear error of judgment in weighing them. *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017) (citation omitted). Sentences within the Guidelines range are presumptively reasonable. *United States v. Clarke*, 831 F.3d 1024, 1026 (8th Cir. 2016).

Corey argues that a reasonable sentence would have been the statutory minimum, 120 months, plus 60 months to run consecutively, because of his advanced age, mental and physical health problems, status as a first-time nonviolent offender, and cooperation with police in conducting controlled buys. But Corey simply disagrees with the district court's weighing of the relevant factors. *See United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011). After reviewing the record, we conclude that the district court did not abuse its discretion by imposing a sentence at the low end of Corey's advisory range. We further conclude that the district court did not abuse its discretion by denying Corey's request for a downward variance. The court addressed Corey's arguments, considered all relevant factors, and concluded that a downward variance was not justified. *See United States v. Lewis*, 593 F.3d 765, 773 (8th Cir. 2010).

IV.

For the foregoing reasons, we affirm.

_____