# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2413
_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth E. Barbee, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 14, 2022
Filed: August 18, 2022
_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

A jury convicted Kenneth Barbee, Jr. of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). Barbee challenges the admission of his prior felony firearm conviction under Federal Rule of Evidence 404(b). He also appeals the procedural and substantive reasonableness of his sentence. We affirm.

## I.

While surveilling Barbee's house in connection with a felony probation violation warrant, officers saw two people leave and drive away in Barbee's Ford Fiesta. Despite the driver's attempt at evasion, the officers pulled over the car and its two occupants. Christina Cable, the driver, had a handgun in her pocket. Barbee was in the passenger seat with two loaded handguns at his feet.

Barbee was charged with one count of being a felon in possession of a firearm. The Government moved *in limine* to admit evidence that Barbee had a 2008 conviction involving a gun—a second degree assault for shooting someone in a domestic dispute. The district court[1] allowed the evidence but gave a limiting instruction that it could only be considered for knowledge, intent, or mistake—not as evidence of guilt. The Government asked a detective just two questions about the prior conviction:

> Q: Detective Manley, in the course of your investigation, did you learn that the defendant had previously been convicted of a felony offense involving a firearm?
> A: Yes.
> Q: And, specifically, did you learn that the defendant pled guilty to that offense on March 14th of 2008?
> A: That's correct.

In its closing statement, the Government briefly referenced the prior conviction and reminded the jury that it could consider it as evidence of knowledge, intent, or lack of mistake. The jury returned a guilty verdict.

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

The Presentence Report noted Barbee's childhood trauma; severe mental illness; the recent deaths of his mother and sister; and his behavior (both good and bad) while in custody awaiting sentencing. At sentencing, defense counsel argued that Barbee's mental illness was a significant mitigating factor. Counsel also told the court that, while in custody before sentencing, Barbee intervened to stop other inmates from attacking a corrections officer. As a result of his "heroic" deed, Barbee claimed that he had become a target for other inmates, and counsel argued that the court should consider alternatives to prison. During allocution, Barbee accused the arresting officers of planting the gun evidence. The district court took this allegation seriously, calling a recess so it could review notes and evidence from the arrest and trial to ensure that Barbee had not raised the issue earlier. After confirming that the accusation was not credible and reciting the final Guidelines calculations, the court announced a 120-month prison sentence, the statutory maximum. The Government prompted the court to address the § 3553(a) factors, and the court added:

> Yes. This is a guideline sentence. It is the highest legal sentence of 120 months, although it could be viewed as being middle of the guideline sentence of the normally 110 to 137 months. And it is based on the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to adequately deter Mr. Barbee from any further criminal conduct, and to protect the public from further crimes of the defendant.

> In considering the 18 U.S.C. [§] 3553 sentencing factors, a sentence of 120 months would be given regardless of the guideline range and would be given regardless of the confusing statements made earlier today regarding the gun being moved by law enforcement at the time of his arrest. I think that is not as clear as I recalled it. And that

didn't affect the sentence—it couldn't affect the sentence because I couldn't sentence more than 120 months.

Defense counsel again objected to the court denying a downward variance.

## II.

Barbee first challenges the admission of his 2008 conviction as improper propensity evidence. "We review the district court's admission of evidence of past crimes under Federal Rule of Evidence 404(b) for abuse of discretion, and we will not reverse unless the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Smith*, 978 F.3d 613, 616 (8th Cir. 2020) (citation omitted). Even if we find an abuse of discretion, we will not reverse if the error was harmless. *United States v. Aldridge*, 664 F.3d 705, 714 (8th Cir. 2011).

Even assuming for the sake of argument that evidence of the prior crime was inadmissible, any error was harmless. The Government asked the witness only two vague questions about the prior conviction and mentioned it in passing during closing argument. The district court gave a limiting instruction when the evidence was introduced, telling the jury that it could only be used to show knowledge, intent, or absence of mistake, and not as evidence of guilt. The prosecutor repeated the limiting guidance in her closing argument. And the jury had ample evidence to support its verdict even without the evidence—including a recording from the post-arrest interview in which Barbee admitted that he handled the guns.

## III.

Barbee next argues that the district court procedurally erred by failing to conduct a meaningful § 3553(a) analysis and by failing to explain its reasons for rejecting a downward variance and imposing the statutory maximum. When reviewing the procedural reasonableness of a sentence, we review findings of fact

for clear error and the application of the Guidelines *de novo*. *United States v. Lara-Ruiz*, 781 F.3d 919, 922 (8th Cir. 2015). "A district court commits significant procedural error . . . if it fails to consider the § 3553(a) factors or fails to adequately explain the chosen sentence." *United States v. Gray*, 533 F.3d 942, 943 (8th Cir. 2008) (citation omitted).

Barbee first argues that the district court did not give enough consideration to the § 3553(a) factors when deciding his sentence. "[I]n determining whether the district court considered the relevant factors in a particular case, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing." *Id.* at 944 (citation omitted). Based on the record as a whole, particularly the court's engagement with each side's arguments at sentencing, we are satisfied that the district court was aware of and adequately considered the § 3553(a) factors.

Barbee also says that the district court erred by failing to relate the Guidelines to him or his offense. The bar is not high for the adequacy of the court's explanation when it imposes a within-Guidelines sentence. A judge must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). But "[w]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Where a sentencing judge imposes a sentence within the advisory guideline range, circumstances may well make clear that the judge believed the case was typical and rested his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence." *Gray*, 533 F.3d at 944 (citation omitted) (cleaned up).

As with any defendant, Barbee's case and personal history involve a variety of influences and factors that are not necessarily present in every felon in possession case. But nothing makes Barbee an atypical defendant. Under our precedent, the court's no-frills explanation for its within-Guidelines sentence was adequate.

IV.

Finally, Barbee argues that his sentence is substantively unreasonable. "We review the substantive unreasonableness of sentences under ... an abuse-of-discretion standard." *United States v. Edwards*, 820 F.3d 362, 366 (8th Cir. 2016) (citation omitted). "The sentencing court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers the appropriate factors but commits a clear error of judgment in weighing them." *United States v. Corey*, 36 F.4th 819, 823 (8th Cir. 2022) (citation omitted). A within-Guidelines sentence is presumptively reasonable. *Id.*

Barbee fails to overcome this presumption of reasonableness. The court made it clear that Barbee's accusation that evidence was planted did not influence its sentencing decision. Barbee argues that his mitigating factors—his mental illness and "heroic" behavior in prison—warrant a shorter sentence. But he has not shown that these considerations obviously and significantly outweigh factors favoring a longer sentence—his violent criminal history and the danger to the public posed by an individual who feels the need to keep guns to protect himself. The sentence is not substantively unreasonable.

V.

For the foregoing reasons, we affirm.

_____