# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-2466
_____

United States of America

*Plaintiff - Appellee*

v.

Skye L. Nelson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: November 14, 2022
Filed: February 9, 2023
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Skye L. Nelson pled guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The district court sentenced him to 13 months in prison. Upon release, he violated the conditions of his release. The district court[1] sentenced

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

him to 11 months in prison. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Nelson challenges the substantive reasonableness of his within-guidelines sentence. This court reviews for abuse of discretion. *United States v. Edwards*, 820 F.3d 362, 366 (8th Cir. 2016). "The sentencing court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers the appropriate factors but commits a clear error of judgment in weighing them." *United States v. Core*y, 36 F.4th 819, 823 (8th Cir. 2022) (internal quotation marks omitted). A sentence within the guideline range is presumptively reasonable. *Id.*

At sentencing, the district court relied on Nelson's behavior during supervised release. He became "aggressive" at his first halfway house and was discharged "almost immediately after" he arrived. He was "disrespectful to staff" at the second halfway house and was asked to leave. At a hotel paid for with probation office "second-chance funds," he violated curfew, had unauthorized guests, perhaps allowed a drug deal in the room, and failed to wear his electronic monitor. Nelson claims the district court placed "inordinate" weight on his multiple supervised release revocations in an earlier case. However, a district court must consider the history and characteristics of a defendant in fashioning a revocation sentence. *See* U.S.C. §§ 3553(a)(1), 3583(e). Nelson's argument that his prior behavior on supervised release should receive less weight is "nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors." *United States v. Brown*, 992 F.3d 665, 673 (8th Cir. 2021). The district court properly considered Nelson's behavior while on supervised release in this case and his repeated violations in his earlier case. It did not abuse its discretion.

* * * * * * *

The judgment is affirmed.

_____