# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2553
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Hernandez, also known as Criminal

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: April 11, 2023
Filed: June 30, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, MELLOY and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Antonio Hernandez pleaded guilty to possessing methamphetamine with the intent to distribute and to possessing a firearm in furtherance of a drug-trafficking crime. As a category VI offender, Hernandez's Guidelines range for the illegal drug offense was 360 months' to life imprisonment, but because this range exceeded the statutory maximum for the offense, the Guidelines range became 240 months'

imprisonment. The Guidelines range for the illegal firearm offense was 60 months' imprisonment, the statutory minimum. Hernandez sought a total sentence of 240 months' imprisonment. The district court[1] instead sentenced Hernandez to a total of 330 months' imprisonment. Specifically, the court imposed 240 months for the drug offense and 90 months for the firearm offense. The court ordered the sentences to run consecutively.

Hernandez challenges the substantive reasonableness of the district court's ultimate sentence. He argues that the district court erred by not fully taking into account (1) the particular facts of his case, (2) his age, and (3) the statutory requirement that a sentence be no greater than necessary. He contends that the court should have varied downwards to 240 months' imprisonment total. We affirm.

"We review the denial of a motion for downward variance by reviewing the sentence for reasonableness, applying a deferential abuse-of-discretion standard." *United States v. Angeles-Moctezuma*, 927 F.3d 1033, 1037 (8th Cir. 2019). "An abuse of discretion is (1) failing to consider a relevant factor that should have received significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) considering only the appropriate factors but in weighing them, committing a clear error of judgment." *United States v. Stoner*, 795 F.3d 883, 884 (8th Cir. 2015).

We construe Hernandez's argument as alleging that the district court abused its discretion by "committing a clear error of judgment" in weighing the sentencing factors outlined in 18 U.S.C. § 3553(a). *Id*. In essence, "[Hernandez] simply disagrees with the district court's weighing of the relevant factors." *United States v. Corey*, 36 F.4th 819, 823 (8th Cir. 2022); *see also id*. at 823–24 (holding sentence of 295 months' imprisonment substantively reasonable despite defendant's arguments that

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

"his advanced age, mental and physical health problems, status as a first-time nonviolent offender, and cooperation with police in conducting controlled buys" warranted a lighter sentence). "Simply because the district court weighed relevant factors . . . more heavily than [Hernandez] would prefer does not mean the district court abused its discretion." *United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011).

The district court gave careful attention to the specifics of Hernandez's case. The court highlighted the drug quantity, noting that Hernandez was "accountable for 30 kilograms of a substance containing meth," which the court characterized as "a huge amount of methamphetamine." R. Doc. 48, at 45:2–3. The court also noted that he was "dealing drugs [in] prison." *Id*. at 45:8–9. It found that this fact completely negated Hernandez's contention that he had functioned as a kind of "mentor" while incarcerated. *Id*. at 45:15–24. The court also took into account Hernandez's statement that he would "[s]hoot it out with police" if they ever tried to arrest him in the future. *Id*. at 47:12. And, the court provided an extensive analysis of Hernandez's "mitigating circumstances." *Id.* at 52:1–53:24.

Additionally, the district court expressly acknowledged its "require[ment] to impose a sentence that is sufficient, but not greater than necessary, to fulfill the purposes and goals of federal sentencing." *Id*. at 26:7. The court also expressly considered Hernandez's age. In short, the district court's sentencing statements demonstrate a thorough understanding of the specifics of Hernandez's case and provide solid justification for an upward variance and consecutive sentence. *See id*. at 55:19–22 (describing Hernandez as having a "complete disrespect for the law" and wondering aloud "if there is any sentence of incarceration that will deter [him]").

Our review of the district court's sentencing rationale showed that it properly considered the § 3553(a) factors and then imposed a sentence that was well within its broad discretion—an exercise of discretion that we review deferentially. *See*

*Angeles-Moctezuma*, 927 F.3d at 1037. We conclude that Hernandez's sentence is substantively reasonable.

We affirm.

_____