# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2168
_____

United States of America

*Plaintiff - Appellee*

v.

Adam James Rollins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Central
_____

Submitted: February 12, 2024
Filed: July 2, 2024
[Published]
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

PER CURIAM.

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. See 28 U.S.C. § 45(a)(1).

The district court[2] revoked Adam James Rollins' third term of supervised release, and imposed a sentence of 40 months in prison, with no supervised release to follow. Rollins appeals, challenging the substantive reasonableness of his sentence.

I.

In January 2010, Rollins was convicted of conspiracy to manufacture methamphetamine having been previously convicted of a felony drug offense, in violation of 21 §§ U.S.C. 841(a)(1), 841(b)(1)(B), 846, and 851. He was sentenced to 120 months in prison to be followed by 8 years of supervised release.

Rollins' first term of supervised release began in January 2017, and it was revoked in April 2019, after he admitted to violating several conditions of his release, all related to the use of controlled substances. All violations were Grade C, and his advisory Guidelines range of imprisonment was 6–12 months. See United States Sentencing Guidelines (USSG) §§ 7B1.1(a)(3), 7B1.4(a) (2021). The district court sentenced him to 4 months of incarceration and 3 years of supervised release. His second term of supervised release was revoked in September 2021. Again, all of Rollins' violations—which included a new drug-related law violation—were Grade C, and his Guidelines range was 6–12 months. Rollins was sentenced to 10 months of incarceration and 1 year of supervised release.

This appeal addresses Rollins' third term of supervised release, which was revoked in May 2023. At his revocation hearing, Rollins admitted that he did not provide a sample for drug testing on three separate dates, failed to report for drug testing, used methamphetamine, committed a new law violation—distribution of methamphetamine, and did not timely inform his probation officer that he had been fired from his job. His most serious violation—the new law violation—was Grade

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

B. See USSG § 7B1.1(a)(2) (defining Grade B as "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year").

Based on these violations, Rollins' Guidelines imprisonment range was 12–18 months. See USSG § 7B1.4(a). The government sought a sentence at the top of the advisory range, and Rollins requested "a guidelines range sentence" with no additional supervision. The district court imposed a sentence of 40 months of imprisonment with no supervised release to follow.

## II.

On appeal, Rollins argues his sentence is substantively unreasonable. When reviewing a sentence imposed upon revocation of supervised release, we apply "a deferential abuse-of-discretion standard." United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (citation omitted). "We afford the court wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. DeMarrias, 895 F.3d 570, 574 (8th Cir. 2018) (citation omitted); see 18 U.S.C. § 3583(e) (providing the § 3553(a) factors a district court may consider when revoking a term of supervised release).

Rollins' argument focuses on a comment the district court made when explaining why a Guidelines range sentence was not sufficient. The district court stated: "the [G]uidelines, of course, wouldn't be able to take into account [Rollins'] new law violation." But as Rollins points out, the Grade B new law violation *was* taken into account when calculating his advisory Guidelines range. See USSG

§ 7B1.4(a). Thus, he argues that the district court relied on an improper factor when it varied upward from that range.

The district court misstated the extent to which Rollins' advisory Guidelines range already accounted for the new law violation. But we read that statement in the context of the court's explanation and the entirety of the sentencing record. See United States v. Barbee, 44 F.4th 1152, 1156 (8th Cir. 2022). The record shows that the district court correctly calculated the advisory range based on the Grade B new law violation. The court credited Rollins for admitting violations of his supervised release but found the repeated nature of his noncompliance to be aggravating. It highlighted his continued drug use, failure to follow the rules of supervision, association with others engaged in criminal activity, and demonstrated lack of interest in changing his behavior. The district court also found the new law violation to be especially aggravating. It explained that if Rollins' violations involved only substance use, a sentence at the top of the Guidelines range would be adequate. But the district court deemed it "outrageous" that Rollins sold drugs while under court supervision and concluded that because "committ[ing] yet another federal [felony] drug offense" while on supervised release went "way above a breach of trust by using drugs," it would vary upward.

Assuming the district court gave some weight to an erroneous understanding of how the Guidelines accounted for Rollins' new law violation, Rollins has not convinced us that the district court abused its discretion by giving that improper factor significant weight. The district court determined that an above-Guidelines sentence was warranted after considering permissible factors for revocation sentences, such as the new law violation, as well as "the number of violations, the very serious nature of the violations, [and Rollins'] complete breach of trust." See USSG Ch.7, Pt.A, intro. comment. (3(b)). The record shows that when imposing sentence, the court placed significant weight on the fact that Rollins sold drugs while on supervision, but not on a mistaken understanding of how the Guidelines range was calculated. See United States v. Hall, 931 F.3d 694, 697 (8th Cir. 2019) (finding no abuse of discretion when the "district court extensively discussed . . . permissible

factors for revocation sentences" and an improper factor was given only "insignificant weight").

For the foregoing reasons, we find no abuse of discretion and affirm the judgment of the district court.

_____