# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3724
_____

United States of America

*Plaintiff - Appellee*

v.

John Ward

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: October 21, 2024
Filed: February 7, 2025
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

John Ward pled guilty to possessing a firearm as a felon, and the district court[1] sentenced him to 96 months' imprisonment. Ward appeals, arguing that his sentence

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In March 2023, police stopped a vehicle with expired temporary license plates in Fayetteville, Arkansas. Ward was seated in the passenger seat. Officers arrested the driver on outstanding warrants and asked Ward to get out of the car. Though he stated a recent hip surgery prevented him from doing so, Ward eventually complied. He told the officers that he had guns in his pants, and upon searching Ward, the officers discovered a loaded revolver and a loaded pistol. The officers also discovered small bags in his pants containing substances which, according to Ward, included methamphetamine, marijuana, and ecstasy, though testing only confirmed the presence of methamphetamine and fentanyl. Acknowledging that he carried the firearms, Ward later told police that he possessed them for protection, given his close proximity to criminal activity and his current physical condition. A grand jury indicted Ward on three counts,[2] but Ward ultimately pled guilty pursuant to a plea agreement to one count of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

At the sentencing hearing, the district court adopted the Presentence Investigation Report prepared by the United States Probation Office and calculated a United States Sentencing Guidelines range of 77 to 96 months' imprisonment. Although recognizing the seriousness of his conduct, Ward requested a below-Guidelines sentence. He pointed to his early exposure to alcohol and drugs, his abandonment by his mother when he was young, his schizophrenia, ADD, and PTSD, and his failure to graduate high school as mitigating factors. Ward also argued that his base offense level was inflated, as his 15-year-old robbery conviction occurred while Ward was addicted to drugs. Finally, Ward pointed to his non-

---

[2]Ward was also indicted on one count of possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i), but those counts were dismissed on motion of the Government.

violent compliance with law enforcement during his arrest as justification for a downward departure. The Government recommended an 84-month sentence, however, pointing to Ward's lengthy criminal history and possession of the loaded guns contemporaneously with controlled substances in a heavily trafficked area.

The district court considered both parties' arguments, stating that there were both aggravating and mitigating circumstances. The district court noted that Ward's early introduction to alcohol and drugs, mental health issues, and lack of support system and education all served as mitigating factors, as did Ward's compliance with police officers during his arrest. In the district court's view, however, there were also aggravating circumstances that warranted consideration. The court found that Ward's lengthy criminal history demonstrated his tendency for violence as well as a lack of respect for the law, and that his prior sentences had not deterred him from continuing to break the law. Further, though the court noted that Ward was compliant during his arrest, it concluded that his possession of the firearms in close proximity with drugs was a dangerous combination. After analyzing the 18 U.S.C. § 3553(a) factors, the district court sentenced Ward to 96 months' imprisonment—the top of his Guidelines range. Ward appeals that sentence, arguing that it is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Mims, 122 F.4th 1021, 1034 (8th Cir. 2024). A district court abuses its discretion at sentencing if it ignores a relevant § 3553(a) factor that should have received significant weight, gives too much weight to an irrelevant or improper factor, or commits a clear error of judgment even when weighing only appropriate factors. Id. Ward asserts that the district court did not give proper weight to certain mitigating factors, including his early exposure and continuing addiction to drugs, struggles with mental illness, lack of education and support network, abandonment by his mother, and his compliance with law enforcement when arrested.

As Ward acknowledges, however, the district court considered each of these factors. The district court considered that Ward's mother effectively abandoned him at a young age, which had a lasting psychological impact. The district court noted that Ward's early introduction to drugs and alcohol, his failure to graduate high school, and his underlying mental health issues were mitigating factors. In addition to considering those personal circumstances, the district court also noted Ward's compliance with law enforcement when he was arrested. In the district court's view, however, the aggravating factors outweighed these mitigating circumstances.

At bottom, Ward merely "disagrees with the district court's weighing of the relevant factors." See United States v. Corey, 36 F.4th 819, 823 (8th Cir. 2022). Absent a "clear error of judgment," that the district court "weighed relevant factors . . . more heavily than [Ward] would prefer does not mean the district court abused its discretion." See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011). The district court appropriately considered the § 3553(a) factors, including both aggravating and mitigating circumstances. The court then imposed a within-Guidelines sentence, which carries a presumption of reasonableness. See Mims, 122 F.4th at 1036. Ward has not rebutted that presumption, and nothing in the record convinces us that the district court committed a "clear error of judgment." See Corey, 36 F.4th at 823-24 (affirming imposition of within-Guidelines sentence despite defendant's mental and physical health issues and cooperation with law enforcement). Accordingly, the district court did not abuse its discretion in imposing Ward's sentence.

For these reasons, we affirm the judgment of the district court.

_____

-4-