# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3705
_____

United States of America

*Plaintiff - Appellee*

v.

Terry Young

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: October 21, 2024
Filed: February 14, 2025
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

The district court[1] revoked Terry Young's term of supervised release and sentenced him to 20 months of imprisonment with no supervision to follow. Young appeals.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

## I.

In April 2023, Young began his second term of supervised release, which stemmed from his 2022 conviction for possessing a firearm after having previously been convicted of a felony under 18 U.S.C. § 922(g).[2] Within the first three months of the term, Young's probation officer verbally admonished him twice for using marijuana and once for violating his home confinement condition. On August 15, 2023, the probation officer filed a petition recommending that Young's supervised release be revoked. The petition was amended multiple times over the next several months, resulting in a total of ten alleged violations. Nine of the violations involved controlled substance or alcohol use and the tenth alleged a new law violation: while awaiting his revocation hearing in custody at the local jail, Young was charged with and pleaded guilty to simple assault of a fellow detainee.

On December 14, 2023, the district court held a hearing, where Young stipulated to all violations. After calculating an advisory Guidelines range of 8 to 14 months, the court imposed a sentence of 20 months in custody, with no supervision to follow. Young appeals, arguing that his sentence is substantively unreasonable.

## II.

"We review 'the substantive reasonableness of the court's revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings.'" United States v. Dailey, 113 F.4th 850, 857 (8th Cir. 2024) (quoting United States v. Starr, 111 F.4th 877, 878 (8th Cir. 2024)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Rollins, 105 F.4th 1115, 1116

---

[2]Young's first term of supervised release began in September 2022. That term was revoked, resulting in a sentence of four months in custody followed by the three-year term of supervision at issue here.

(8th Cir. 2024) (quoting United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011)). "We afford the court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Scherer, 114 F.4th 987, 993 (8th Cir. 2024) (quoting United States v. Clark, 998 F.3d 363, 369 (8th Cir. 2021)). "[A] defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion." United States v. Campbell, 986 F.3d 782, 800 (8th Cir. 2021).

Young argues the district court failed to adequately consider several factors when it imposed an above-range sentence, including Young's contention that he committed the assault only after a fellow detainee called him a racial slur. However, the district court expressly addressed Young's point, concluding that the use of a racial slur was "obviously [i]nexcusable," but that "it had to have happened quite some time before the assault [] because leading up to the assault, they're nowhere near each other." The district court had also viewed the surveillance video that captured the assault, describing it as "horrifically violent," "prolonged," and "completely unacceptable."

Young also contends that the district court failed to consider that he had completed anger management classes. But the court acknowledged that it reviewed the certificates Young earned from those classes. Finally, Young argues the district court failed to sufficiently consider his acceptance of responsibility for both the assault and his other supervised release violations. But both Young and his counsel argued these points during the hearing, so "[w]e are satisfied the district court did not ignore them." United States v. Hernandez-Pineda, 849 F.3d 769, 772 (8th Cir. 2017); see also United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) ("[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors."). The district court stressed Young's repeated violations, his lack of candor with his probation officer, and the fact that previous, less severe sanctions had not resulted in compliance with his terms and conditions of supervision. Ultimately, the district court gave

significant weight to the nature and repetition of Young's violations, imposed a custodial sentence, and declined to reimpose supervision, concluding that Young "won't begin working with us in even the slightest way." We see no clear error of judgment or abuse of discretion on this record.

We affirm the judgment of the district court.

_____