# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1989

_____

United States of America

*Plaintiff - Appellee*

v.

John J. McCarthy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 17, 2025
Filed: April 14, 2025
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John J. McCarthy was convicted of attempted enticement of a minor for prostitution in violation of 18 U.S.C. § 2422(b). The district court[1] sentenced him to 120 months in prison and five years of supervised release. He violated the

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

conditions of his release. It was revoked. The district court[2] sentenced him to six months in prison and a lifetime of supervised release. He appeals the term of supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

McCarthy believes the imposition of lifetime supervision was substantively unreasonable. This court reviews for abuse of discretion. *United States v. Rollins*, 105 F.4th 1115, 1116 (8th Cir. 2024). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Id*.

McCarthy asserts lifetime supervision is unreasonable because it was "based on first time violations of conditions he immediately admitted and promptly corrected." But the district court properly considered the 18 U.S.C. § 3553(a) factors, including "what you did, your personal characteristics, what it would take to deter others from doing similar things, to protect the public from your own future conduct, and then to provide you with education or treatment." And it permissibly weighed those factors, giving some greater weight than others. *Rollins*, 105 F.4th at 1117 (district courts can "assign some factors greater weight than others in determining an appropriate sentence").

Here, the court gave greater weight to McCarthy's original offense (enticement of a 12-year-old for sex) and the fact that his supervised release violations were a danger to the public. On an unapproved electronic device, using five email addresses and six messaging applications, he searched violence and child exploitation, including pedo memes, gore memes, ephebophile, incest bathtub memes, mom and daughter sex, perverse family, r@pebait, rape, incest, extreme

---

[2]In April 2023, McCarthy's supervised release was transferred to the Eastern District of Missouri and assigned to the Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

brutal gangbang, and brutal anal. The phone contained five images of potential child exploitation. The court said:

> I also think that the nature of the conduct suggests not only that the defendant requires a wake-up call in terms of the importance of complying with his conditions, but also it suggests that he's disposed to make decisions that are, unfortunately, reminiscent of his original offense in the absence of careful supervision.

> . . . .

> I think the history and characteristics of this defendant are also salient in that he—obviously I'm taking into effect his history of committing the crime that he originally committed, and then also I have considered that he—obviously there are things in his background that make his behavior more explicable than it might otherwise be, but that doesn't affect the risk it poses to society. And so I don't think that justifies a lesser term of supervision certainly, and I don't think it lessens the gravity of the offense here.

The court did not err in imposing lifetime supervision. *See United States v. Phillips*, 785 F.3d 282, 284 (8th Cir. 2015) (upholding imposition of lifetime supervision based on defendant's danger to the community).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____